Alexander *v.* The Town of New Castle.

Filed May 29, 1888.

No. 13,225.

## ALEXANDER *v.* THE TOWN OF NEW CASTLE.

Town.—*Negligence.—Excavation in Street.—Proximate Cause of Injury.—Intervening Agency.*—Where one, while passing along the street of a town in charge of a prisoner, is seized by the latter, in an attempt to escape, and thrown into a pit negligently permitted by the town authorities to remain in the street, whereby he suffers injury, the town is not liable, its negligence not being the proximate cause of the injury.

Same.—*Instruction to Jury.*—An instruction that if the street was in ordinarily safe condition for ordinary public travel, the plaintiff could not recover, the town not being bound to provide against extraordinary conditions or circumstances, is correct as an abstract proposition, and, even if not applicable to the case made, is not harmful to the plaintiff.

From the Henry Circuit Court.

*J. M. Brown, R. Warner, C. S. Hernly* and *S. H. Brown,* for appellant.

*J. Brown* and *W. A. Brown,* for appellee.

NIBLACK, C. J.—This was an action brought by Harvey W. Alexander against the town of New Castle, for injuries alleged to have resulted from negligently permitting a sidewalk to be out of repair.

The first paragraph of the complaint charged that the town allowed a pit to be dug, or an excavation to be made, in the side of one of its streets, and wrongfully and negligently suffered and permitted such pit or excavation, with full knowledge of its dangerous character, to remain open and uninclosed, whereby the plaintiff, without any fault on his part, fell into the same and was injured.

The second, and only other paragraph, contained some additional averments not material to any question involved in this appeal.

The town answered: First. In denial. Second. That one Heavenridge was found upon one of its streets in possession of a gaming apparatus; that the plaintiff engaged with the said Heavenridge in a game of chance for the purpose of procuring evidence against him and causing his arrest; that, thereupon, the plaintiff filed his affidavit before a justice of the peace, charging Heavenridge with gaming, and obtained a warrant for the latter's arrest; that the plaintiff then induced the justice to appoint him a special constable to make the arrest, which he made accordingly; that the justice, after hearing the evidence, adjudged Heavenridge to be guilty as charged, and ordered him to be committed to the jail of the county; that the plaintiff, as such special constable, proceeded to take Heavenridge to jail as ordered, and, in doing so, attempted to pass the pit or excavation in question; that, when opposite the same, Heavenridge seized the plaintiff and threw him into the pit or excavation, whereby he was injured, as charged in the complaint; that by this means Heavenridge was enabled to escape, and did escape, from the custody of the plaintiff.

A demurrer to this second paragraph of answer, for the alleged insufficiency of its facts as a defence, was overruled,

and a trial terminated in a verdict and judgment for the town, the defendant below.

Complaint is first made of the overruling the demurrer to the second paragraph of the answer, and this complaint is based upon the claim that, as the pit or excavation so wrongfully and negligently permitted to remain open and uninclosed afforded Heavenridge the opportunity of throwing the plaintiff into it as a means of escape, it was, in legal contemplation, the proximate cause of the injuries which the plaintiff received.

However negligent a person, or a corporation, may have been in some particular respect, he, or it, is only liable to those who may have been injured by reason of such negligence, and the negligence must have been the proximate cause of the injury sued for.

Where some independent agency has intervened and been the immediate cause of the injury, the party guilty of negligence in the first instance is not responsible. On that subject Wharton, in his work on the Law of Negligence, at section 134, says: "Supposing that if it had not been for the intervention of a responsible third party the defendant's negligence would have produced no damage to the plaintiff, is the defendant liable to the plaintiff? This question must be answered in the negative, for the general reason that casual connection between negligence and damage is broken by the interposition of independent responsible human action. I am negligent on a particular subject-matter as to which I am not contractually bound. Another person, moving independently, comes in, and either negligently or maliciously so acts as to make my negligence injurious to a third person. If so, the person so intervening acts as a non-conductor, and insulates my negligence, so that I can not be sued for the mischief which the person so intervening directly produces. He is the one who is liable to the person injured. I may be liable to him for my negligence in getting him into difficulty,

but I am not liable to others for the negligence which he alone was the cause of making operative."

So, if a house has been negligently set on fire, and the fire has spread beyond its natural limits by means of a new agency; for example, if a high wind arose after its ignition, and carried burning brands to a great distance, thus causing a fire and a loss of property at a place which would have been safe but for the wind, the loss so caused by the wind will be set down as a remote consequence, for which the person setting the fire should not be held responsible. 1 Thompson Negligence, 144.

Our cases are in harmony with the general principles herein announced. *Smith* v. *Thomas*, 23 Ind. 69 ; *Pennsylvania Co.* v. *Hensil*, 70 Ind. 569 (36 Am. R. 188) ; *City of Greencastle.* v. *Martin*, 74 Ind. 449 (39 Am. R. 93); *Billman* v. *Indianapolis, etc., R. R. Co.*, 76 Ind. 166 (40 Am. R. 230) ; *City of Crawfordsville* v. *Smith*, 79 Ind. 308 (41 Am. R. 612) ; *Terre Haute, etc., R. R. Co.* v. *Buck*, 96 Ind. 346 (49 Am. R. 168) ; *Bloom* v. *Franklin Life Ins. Co.*, 97 Ind. 478 (49 Am. R. 469) ; *Pennsylvania Co.* v. *Whitlock*, 99 Ind. 16 (50 Am. R. 71).

Heavenridge was clearly an intervening, as well as an independent, human agency in the infliction of the injuries of which the plaintiff complained. The circuit court, consequently, did not err in overruling the demurrer to the second paragraph of the answer.

The circuit court gave the jury several instructions, one of which was as follows :

" If the sidewalk and street named in the complaint were in ordinarily safe condition for ordinary public travel, the plaintiff can not recover, the town not being bound to provide against extraordinary conditions or circumstances of travel or passage along its streets or sidewalks."

As an abstract proposition this instruction stated the law correctly. 2 Dillon Munic. Corp., section 1006.

However inapplicable, therefore, it may have been to the

controlling facts or the distinctive features of the present case, the plaintiff had no cause to complain of it as an erroneous instruction.

A question is sought to be made upon the sufficiency of the evidence to support the verdict, but no failure in that respect has been specifically pointed out. There was evidence tending to sustain the defence set up by the second paragraph of the answer. We can not, therefore, rightly disturb the verdict upon the evidence. 2 Dillon Munic. Corp., section 1007.

The judgment is affirmed, with costs.

Filed May 29, 1888.