No. 16,823.

McGAHAN *v.* THE INDIANAPOLIS NATURAL GAS COMPANY.

NEGLIGENCE.—*Intervening Agent, Effect.*—A responsible agent intervening between the original negligence and the injury, cuts off the line of causation, and relieves the person guilty of the original negligence from liability.

SAME.—*Natural Gas Exploding, Failure to State Cause of Explosion.*—A complaint for injuries occasioned by gas escaping from a service pipe into a house and exploding, without showing what brought about the explosion, is not sufficient to withstand a demurrer for want of facts.

JUDICIAL NOTICE.—*Gas, Explosion of.*—The courts will take judicial notice that natural gas will not spontaneously explode.

From the Marion Circuit Court.

*S. M. Shepard* and *J. P. Baker,* for appellant.

*W. H. H. Miller, F. Winter* and *J. B. Elam,* for appellee.

HACKNEY, C. J.—This action was by the appellant, and by it he sought to recover damages for personal injuries

resulting from an explosion of natural gas. The complaint was in two paragraphs, to each of which the lower court sustained the appellee's demurrer, and that ruling is the only assigned error. The material facts alleged were that the appellee was engaged in supplying natural gas, for fuel and other purposes, to the citizens of the city of Indianapolis; that a tenement occupied by one Kilburn was supplied with natural gas by said company, through a service pipe of said company extending from its mains to the property line, and there connecting by a valve, with the pipes of said tenement; that said tenant discovered that the gas was escaping from the pipes upon said premises, and after passing through said valve; that she employed the appellant, an experienced plumber, to locate and remedy the defect in the pipes which permitted the gas to so escape; that said valve was for the purpose, and was the only means, of cutting off the supply of gas from the appellee's mains to said premises, and it was under the exclusive control of the appellee; that to repair said defect it became necessary to have said supply of gas cut off, and for that purpose the appellee was repeatedly requested, and promised, to have said valve turned without delay, but, through the negligence of said company, and its incompetent servants, said valve was not so turned, and said gas continued to escape within said tenement for more than twenty-four hours; that during that period, and while upon a second visit to said premises, the appellant was engaged in searching for said defect, and while so engaged said natural gas, then being inflammable and liable to explode, did explode with such violence as to produce the injuries complained of.

It is also alleged that appellant was free from contributory negligence, and that the appellee knew of the dangerous character of said natural gas, but there is no allegation as to the cause of such explosion, nor that the

McGahan v. The Indianapolis Natural Gas Company.

gas would have exploded without some intervening agency.

That it was negligence to omit to turn off the gas from said premises when so requested, is not controverted, and we do not decide, but it is insisted that this alleged negligence was not the proximate cause of the injury, and that the specific facts pleaded disclose the negligence of the appellant contributing to the injury.

That the injury complained of must appear, from the facts alleged, to have been the proximate result of the appellee's negligence, is not questioned by the appellant, but it is argued that the injury resulted proximately from the failure to turn the gas from said premises.   It is said that "had not the appellee been guilty of the negligence alleged, the injuries to the appellant would not have happened."   This argument is not tenable, since it can be said, with equal propriety, that the injury would not have been sustained if the appellant had not undertaken the known dangerous experiment of searching for the defect while the gas was flowing into the pipes of the tenement.   But we can say, as a matter of common knowledge, that the injury was not due to spontaneous combustion, and that it was impossible without some agency acting upon the leaking gas; therefore, we can say further that but for such agency the injury had not been.

We can not say that the intervening agent was not a responsible agent, one not conscious of the presence and dangerous character of the explosive, as an infant or an insane person.   The facts essential to a consideration of this important question are wholly absent.   The burden rested upon the appellant to allege facts showing that the injury was due to the appellee's negligence, and, from the facts alleged, we learn that the omission complained of supplied the condition upon which, necessarily, some

agent acted in producing the injury, the omission being an antecedent to the explosion.

If the omitted facts should disclose an agency for which the appellee was responsible, a different case would be made, and if such facts disclosed that the appellant sought the defect in the pipe, carrying a lighted lamp, which caused the explosion, the question would then arise as to whether his own act was not the intervening agency, and whether the act so operating did not insulate the negligence of the appellee from the injury and establish contributory negligence. The facts alleged do not disclose peril to the appellant or any other person urging him to hazard his life in searching for the defect before the gas was cut off and thereby possibly excusing the intervention of such agency.

The defective pipe is not charged to any negligence of the appellee, and the presence of the escaping gas, and its dangerous character, are not alleged to have been unknown to the appellant. The facts as they are presented raise the inquiry as to whether the alleged negligence of the company was the proximate cause of the injury regardless of whatever agency intervened. If it can be said that the escaping gas was the direct and efficient or proximate cause of the injury to the exclusion of every fact or circumstance that might have operated upon it, and that no agency could have taken it up and employed it so as to have become the dominating and effective cause, then this complaint is sufficient, so far as this question is concerned, otherwise it is not.

In Cuff, Admr., v. Newark, etc., R. R. Co., 35 N. J. 17, it was said in considering the question of intervening agencies: "A. places a log in the highway, which B. casts into an adjoining close,—or puts an obstruction upon the sidewalk, which passers-by throw into the roadway of the street, and a traveler is injured by coming

in contact with it. A. can not be held for the trespass in the one case, nor for the injury in the other."

Mercer, J., in *Oil Creek, etc., R. W. Co.* v. *Keighron,* 74 Pa. St. 320, said: "Natural and proximate cause," "I understand to be, that the cause alleged produced the injury complained of, without any other cause intervening."

In *Carter* v. *Towne,* 103 Mass. 507, gun powder had been sold to a boy, and subsequently came under the control of adults, who permitted the boy to fire it off. For the injury resulting to the boy from the explosion of the powder, it was held that the merchant was not liable because of the intervening negligence of the adults in so permitting the use of the powder. The rule that an intervening responsible agent cuts off the line of causation from the original negligence has been many times recognized by this court, *New York, etc., R. R. Co.* v. *Perriguey,* 138 Ind. 414, and cases there cited, and this is not questioned by the learned counsel for appellant; therefore, if we may indulge the ordinary presumptions against the pleading under consideration, in the absence of any allegation as to the agency necessary to have intervened, we will presume that it was a responsible agent. The presumption most favorable to appellee must be indulged, and that is that the intervening agency was the appellant's own act in carrying a lighted lamp, which caused the explosion. Leaving out of view the doctrine of contributory negligence, the skill of the appellant in the business of plumbing and his acquaintance, necessarily, with the explosive character of natural gas, gives emphasis to his responsibility for the explosion, in the introduction of some intervening agency. See *Bartlett* v. *Boston Gas Light Co.,* 117 Mass. 533; *Fitzgerald* v. *Connecticut River, etc., Co.,* 155 Mass. 155.

The complaint was insufficient, and the circuit court committed no error in sustaining the appellee's demurrer.

The judgment is affirmed.

Filed May 29, 1894; petition for a rehearing overruled Feb. 8, 1895.