ENOCHS v. PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY CO.

[No. 17,975.  Filed September 24, 1896.]

NEGLIGENCE.—*Proximate Cause of Injury.*—Where a railroad company negligently obstructed a public street of a city with a train of cars, thereby preventing travel across such street for an unreasonable length of time, such obstruction was not the proximate cause of an injury received by a pedestrian who, without negligence in passing around such obstruction, caught her foot on a stone, lying across the gutter between the street and sidewalk. and was injured.

From the Bartholomew Circuit Court. *Affirmed.*

*J. W. Donaker*, for appellant.

*S. Stansifer*, for appellee.

McCABE, J.—The circuit court sustained several demurrers to each of the two paragraphs of the appellant's complaint, and the plaintiff refusing to amend or plead over, the appellee had judgment upon the demurrer.

The two paragraphs are substantially the same. Both seek to recover damages alleged to have been sustained by the plaintiff through the alleged negligence of the defendant.

The substance of the facts alleged is that, the defendant's railroad track runs through the city of Columbus, upon and along Jackson street, running north and south across Ninth street, both of which are public streets in said city; that plaintiff resided on the west side of Jackson street, a half square north of said Ninth street; that on April 27, 1894, after dark, plaintiff was walking from her place of business to her said house, traveling west on the north side of said Ninth street; that when the plaintiff arrived at the intersection of said Jackson and Ninth streets the defendant was wholly obstructing said Ninth street with an engine and train of cars attached thereto, and unlawfully and negligently permitting said train to remain over and across said Ninth street, wholly obstructing travel thereon for more than twenty minutes; that said train extended north beyond any street crossing of said Jackson street; that plaintiff waited on the east side of said railroad track at said north sidewalk crossing of said Ninth street fifteen minutes for defendant to remove its train; being informed by the trainmen that it was not ready to move out, and becoming impatient and being desirous to reach her home, she undertook to go around said train of cars to the south end of the engine and across defendant's railroad track and said Jackson street to her home; that in attempting to pass around said engine,

Enochs *v.* Pittsburgh, Cincinnati, Chicago and St. Louis Railway Co.

without any fault or negligence on her part, the plaintiff caught her foot on a stone lying across the gutter between said Ninth street and the south sidewalk thereof at said Jackson street, whereby she was thrown over said stone violently to the ground, thereby breaking and fracturing the bones of her left arm at the wrist, and otherwise bruising her body.

There were such other allegations as that it is conceded that appellant was shown to be free from contributory negligence.

And it is also conceded that the allegations were such as show that the defendant was guilty of negligence in obstructing the street with the train.

The only question is, was the negligence of the defendant the proximate cause of the plaintiff's injury? If it was not, there can be no recovery against the defendant. (16 Am. and Eng. Ency. of Law, 428-431.) An eminent author states the law as we think correctly thus: "Negligence may, however, be the proximate cause of an injury of which it is not the sole or immediate cause. If the defendant's negligence concurred with some other event (other than plaintiff's fault) to produce the plaintiff's injury, so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances are closely connected with the injury in the order of events, the defendant is responsible, even though his negligent act was not the nearest cause in the order of time. Strictly defined, an act is the proximate cause of an event, when, in the natural order of things, and under the particular circumstances·surrounding it, such an act would necessarily produce that event. But the practical construction of 'proximate cause' by the courts, is a cause from which a man of ordinary experience and sagacity could foresee that the result

might probably ensue." Sherman and Redfield on Negligence (3d ed.), section 10.

Tested by this rule, the appellee's negligence was not the proximate cause of appellant's injury.

It is true, that appellant's injury would not have happened but for the appellee's negligence. But that is not the sole ingredient to be considered in determining whether appellee's act was the proximate cause of appellant's injury. *N. Y., etc., R. R. Co.* v. *Perriguey,* 138 Ind. 414; *McGahan* v. *Indianapolis, etc., Gas Co.,* 140 Ind. 335, 49 Am. St. Rep. 199; 29 L. R. A. 355.

That the appellant should have come in contact with the stone on which she caught her foot, causing her fall and injury in attempting to go around the obstructing train, would necessarily follow the obstruction; or that ordinary experience or sagacity could foresee that such an accident might probably ensue cannot be affirmed. Appellant mainly relies on two cases. The first is *Billman* v. *Indianapolis, etc., R. R. Co.,* 76 Ind. 166, 40 Am. Rep. 230. The complaint in that case alleged "that the servants and agents of the appellee managed and operated the locomotive and cars of the railway company in such a recklessly and culpably negligent manner, as to willfully and wrongfully cause a team of horses, belonging to one Zero Carter, to take fright and run away, and that, because of such fright, and while unmanageable and running away, they ran against the horse of appellant and caused its death." It was there said: "It is not necessary that the precise injury which actually occurred could have been reasonably anticipated at the time the original wrong was committed. It is true that the resultant injury must be of such a general character as might have been reasonably foreseen and provided against. * * * * It is not unusual or unnatural, for horses panic-stricken

by fear, to run against and injure persons and property, and what is neither unnatural nor unusual the wrong-doer must be held to have anticipated.   *   *   *
What is usual, the law requires the person doing a wrong to anticipate and provide against.  A wrong-doer cannot escape liability upon the ground that the injury resulting from the wrong was too remote, if it was in fact a usual or probable one.  Proximate results are such as are natural or usual."

The company was held liable in that case.  But here the injury resulting to the appellant was neither the natural nor usual result to be expected from the appellee's alleged negligence.

The other case is the *City of Crawfordsville* v. *Smith*, 79 Ind. 308, 41 Am. Rep. 612.  That case has no bearing upon the present case.

The city, in that case, was held liable for damages caused by a runaway horse falling into a pit in the street left unguarded by the city.

There is a case in this court which seems almost exactly in point, namely, *Kistner, Exr.,* v. *City of Indianapolis et al.,* 100 Ind. 210.  That was a suit against the city and the Union Railway Company to recover for the death of the plaintiff's testator, caused by the alleged negligence of the defendants.  Separate demurrers by each defendant had been sustained to the complaint, and this court affirmed the judgment.  The first paragraph of the complaint after alleging that seven railroad tracks cross Illinois street into the Union Depot in said city, and that fourteen railroad companies are permitted to use said tracks and depot, the further facts are alleged which show that the city and the railway company had been guilty of negligence in failing to provide safeguards for the protection of persons and teams from injury in passing over said tracks on said Illinois street; it is alleged "that

the appellant's testator, John G. Kistner, started from his store to go to his dwelling-house, walking on and along the west sidewalk of Illinois street across such seven tracks * * *; that soon after he had started across such tracks, but while he had sufficient time to pass across the tracks upon which the train, herein-after named, was backing, if not wrongfully interfered with or prevented, before any trains, locomotives or cars would reach such west sidewalk, a train of * * * * one of the companies that had the right to and did use the seven tracks aforesaid, commenced backing out of the Union Depot on one of such tracks, and John G. Kistner had passed south of the track such train was backing upon and was entirely clear of and free from any danger from such train if not wrongfully interfered with; that after such train had commenced backing as aforesaid, a wagon and team belonging to the firm of Archdeacon & Co., driven by one of their employes along Illinois street from the part thereof south of the seven tracks, were driven north upon and commenced crossing the seven tracks, and when such employe had got within a short distance of and was approaching the track on which such train was back-ing, he found that the train had moved so far back that he could not pass it without making a circuit and driving further west near to and upon the west side-walk of the part of Illinois street crossed by the seven tracks; and to preserve his own life and the lives of his team and save his wagon from destruction, it was necessary that such driver should, and he then and there did, make a circuit and drive the team and wagon further west and near to and upon such west sidewalk and around and abreast of the backing train; and, in so doing, the wheels of the wagon struck the said John G. Kistner and knocked and threw him down under the wheels of

Enochs *v.* Pittsburgh, Cincinnati, Chicago and St. Louis Railway Co.

such moving train, which was backing at the time aforesaid, and the wheels of the cars of such moving train passed over and crushed the body of the aforesaid John G. Kistner, who was then and there and thereby instantly killed."

All of which, it is alleged, was caused by the negligence of both defendants and without any negligence on the part of the deceased.

The other two paragraphs only differed from the first in that they alleged that the injury occurred through the negligence of Archdeacon & Co., but charge that such negligence was of a character which the defendants ought to have provided against, and failing to do so are liable for all the consequences.

The ruling of the trial court in sustaining the demurrer of the city to the several paragraphs of the complaint was upheld for an additional reason to that given in support of the ruling on the demurrer of the Union Railway Company.

As to the latter ruling it was there said: "We are of opinion, also, that no error was committed by the court in sustaining the separate demurrers of the appellee, the Union Railway, to each paragraph of appellant's complaint. It clearly appears from the facts alleged in each paragraph, that the proximate cause of the death of appellant's testator was the act of the driver of the wagon of Archdeacon & Co., whether such act was negligent or otherwise, and, of course, that the negligence of the Union Railway Company, alleged in each paragraph, was not the proximate cause of such death. The intervening agency here was so direct and positive in its nature and effect that the death of the testator cannot be attributed, we think, to the alleged negligence of the Union Railway Company. Here lies the difference, as it seems to us, between the

case at bar and the case of *Billman* v. *Indianapolis, etc., R. R. Co., supra,* and *City of Crawfordsville* v. *Smith, supra,* cited and relied upon by the appellant. Those cases are not in point here, and are not in conflict with what we now decide."

According to these principles, the appellee's negligence was not the proximate cause of the appellant's injury. Therefore, the circuit court did not err in sustaining the demurrer to the several paragraphs of the complaint.

The judgment is affirmed.