PARKER E. BLANCHARD *vs.* MARGARET G. REYNOLDS.

Suffolk. November 8, 1920. — January 4, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence,* Of one owning or controlling real estate. *Proximate Cause.*

The duty which an owner of land, who maintains upon the land a wall or other structure bordering upon a public way, owes to persons upon the way is to keep such structure in a condition which shall be reasonably safe, having regard to its probable deterioration under exposure to the elements and also to all other attendant conditions which reasonably may be anticipated.

In an action, by a child against the owner of land who maintained a wall thereon bordering upon a public alley, for personal injuries resulting from the wall falling upon the plaintiff, a finding for the plaintiff is not warranted where the evidence tended merely to show that, to the knowledge of the defendant, the wall leaned toward the alley and that its fall was caused by a boy climbing upon and jumping from the wall while the plaintiff, a child four years and three months of age, was playing nearby, and there was no evidence tending to show that the defendant reasonably should have anticipated that boys or others would climb upon the wall, or how far the wall was out of plumb or whether its being so was due to its original design or to later action of the elements, or that it was in a defective condition.

In the action above described, it was *stated* that it was unnecessary to determine whether the act of one or more boys climbing on or over the wall was such an efficient intervening cause of the falling of the wall as to make the alleged primary cause too remote.

TORT for personal injuries alleged to have been caused by the fall of a wall maintained by the defendant on premises owned by him on Worcester Street in Boston and separating the premises from a public alley. Writ dated September 5, 1918.

In the Superior Court, the action was heard by *Hitchcock,* J., without a jury. Material evidence, findings of fact by the judge and exceptions saved by the defendant are described in the opinion. The judge found for the plaintiff in the sum of $300; and the defendant alleged exceptions.

The case was submitted on briefs.

*C. W. Cushing*, for the defendant.

*H. H. Patten*, for the plaintiff.

PIERCE, J.  This is an action in tort to recover damages for injuries to the plaintiff, caused by the fall of a portion of a fence and wall which were in "the exclusive control of . . . [the] defendant." Sitting without a jury, at the close of the evidence the presiding judge refused to rule at the request of the defendant: (1) "On all the evidence the plaintiff cannot recover," and (2) "If the actions of one or more boys contributed to the accident, the plaintiff cannot recover, although the defendant might have been negligent." The bill of exceptions purports to contain "substantially all the evidence" as also a "Memorandum" including a finding of facts by the presiding judge. Such evidence warrants a finding of the following facts:

The defendant owned premises in the use and occupation of a tenant at will on Worcester Street. The plaintiff, four years and three months old, lived with his parents on premises near those of the defendant on Worcester Street. A public alley, wide enough for one team to pass, ran in the rear of the premises of the defendant and the plaintiff, parallel with Worcester Street. At the rear of the defendant's premises a brick wall separated the land from the alley. The wall was eight inches thick, was about five feet high, and was capped by a wooden fence eighteen inches high which was fastened to the wall by iron clamps. "The rails on . . . [the] fence slanted downward so that no one could walk thereon." It had leaned for a long time toward the alley. The evidence does not show to what degree it was out of plumb nor whether it was such in its original design or became such because of the action of frost or other natural force upon it or upon the binding material between the bricks. Nor beyond the fact that it leaned toward the alley is there any evidence to warrant the finding of the judge that it "was in a defective condition, and had leaned badly toward the alleyway for some time." On the day of the accident the plaintiff wandered out of his yard into the alleyway and thence went along that way to the rear of the defendant's premises, "where several older boys were congregated. . . . Some of the larger boys climbed on and over the fence while playing. One of the boys jumped off into the Paxton yard, causing a portion of

the fence and wall to fall over into the alley, and thereby injuring the plaintiff" who was playing with a dog in the middle of the alley.

The evidence warranted a finding that the defendant knew of the condition of the wall and fence. There is no reported evidence which warranted the finding of the judge that "The wall was in a defective condition, and had leaned badly toward the alleyway;" nor is there any evidence that "the falling of the wall was due in part to such defective condition;" nor is there any evidence that "boys were in the habit of playing" in the alleyway adjacent to the defendant's premises.

The duty of an owner of land who maintains a wall or other structure adjacent to a public way to persons upon the way is to maintain such a structure in a condition that shall be reasonably safe, having regard to its probable deterioration under exposure to air, wind and water, as also to all other lawful attendant conditions which might reasonably be anticipated. In the case at hand there is no evidence that the wall and fence were not in themselves reasonably safe and no evidence that either fence or wall would have fallen had boys not climbed upon and jumped from the wall. The evidence does not warrant a finding that the defendant reasonably should have anticipated that boys or others would climb upon the wall or fence.

It becomes unnecessary to determine whether the act of one or more boys in climbing on or over the fence was such an efficient intervening cause as to make the primary cause too remote. *Insurance Co.* v. *Tweed*, 7 Wall. 44, 52.

It follows that the first request to rule that "On all the evidence the plaintiff cannot recover" should have been given, and that the exceptions must be sustained.

*Exceptions sustained.*