RITA BERNARD *vs.* GRACE B. BROWNELL.

Bristol. October 27, 1930. — November 25, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Negligence,* Of one owning or controlling real estate: boundary wall.

It is the duty of the owner of land, who maintains a boundary wall between his property and the land of another, to keep that structure in its relation to the adjacent land in a condition that shall be reasonably safe, having regard to its possible deterioration and exposure

to air, wind and water and also to other attendant conditions which might reasonably be anticipated.

At the trial of an action of tort for personal injuries resulting from the fall upon the plaintiff's foot of a stone from the top of a stone wall wholly on land of the defendant and forming the boundary line between his land and land on which the plaintiff, a girl seven years of age, was standing near the wall, having been invited thither for play by a friend who lived on the premises, there was evidence that the wall was eight or nine feet in height and was constructed of loosely placed stones of all sizes; that the large stones were about two feet wide and about one and one half feet high; that there was no cement nor mortar nor anything holding the stones together; that they had been so placed for at least two years before the accident; that after a heavy rain the small stones would fall down and there then would be spaces "here and there" and the larger stones would settle; and that the stone which injured the plaintiff was two feet long, fifteen inches wide and about two feet high. *Held*, that there was evidence warranting a verdict for the plaintiff.

TORT for personal injuries. Writ dated November 11, 1924.

In the Superior Court, the action was tried before *Collins*, J. Material evidence is described in the opinion. The judge denied a motion by the defendant that a verdict be ordered in his favor. There was a verdict for the plaintiff in the sum of $3,500, recorded subject to leave reserved under G. L. c. 231, § 120. The judge denied a motion that a verdict be entered for the defendant and reported the action for determination by this court.

*A. E. Seagrave*, for the defendant.

*I. H. Simon*, (*H. W. Radovsky* with him,) for the plaintiff.

PIERCE, J. This is an action of tort for personal injuries resulting from the fall of a stone, from the top of a stone wall, upon the plaintiff's foot. At the close of the evidence the defendant filed a motion for a directed verdict. The judge denied the motion and submitted the case to the jury, which returned a verdict for the plaintiff. After the verdict by the jury but before the recording thereof the judge reserved leave to direct a verdict for the defendant. The defendant moved that such a verdict be directed, the motion was denied and the judge, at the request of the defendant, reported the case on the question of liability for determination by this court, with the fol-

lowing provision: " If my refusal to direct a verdict for the defendant is right judgment is to be entered on the verdict. If the ruling is wrong judgment is to be entered for the defendant."

The evidence material to the issue whether a verdict should have been directed for the defendant tends to prove, on behalf of the plaintiff, that for some years the stone wall, from which it is alleged a stone fell and crushed the foot of the plaintiff, was wholly on the defendant's premises and for some years had been the boundary line between the defendant's premises and those of her brother; that the defendant's premises were on the east side of the wall, and the premises where the accident occurred were on the west side of it; that the wall was eight or nine feet in height near the house; that there was a little cement wall against the stone wall and it ran straight alongside of the house by the foot of the stone wall; that the wall was constructed of loosely placed stones of all sizes from small to large; that the large ones were about two feet wide and about one and one half feet high; that there was no cement nor mortar nor anything holding the stones together: they were just placed there and had been there for at least two years before the accident; that after a heavy rain the small stones would fall down and there then would be spaces " here and there " and the larger stones would settle.

As respects the accident, the evidence tended to prove that the plaintiff when injured was seven years of age; that she was playing with and at the express invitation of a girl friend who lived on the premises where the accident happened; that her playmate had gone into the house in which she lived with her grandmother and the plaintiff was standing at the bottom of the front steps near the stone wall, as indicated on a photographic exhibit attached to and made a part of the report; that the wall was much higher than the plaintiff, that she could not reach the top of it; that while waiting for her playmate a stone two feet long, fifteen inches wide and about two

feet high fell from the top of the wall on her foot, broke her thumb, and crushed her foot.

On behalf of the defendant, the evidence tended to prove that the plaintiff was climbing down the wall when the stone fell upon her; that small stones did not come out of the wall at any time; that at no time did the stone which fell or any other large stone fall before; that there was no weakness in the wall and that it was not shaky or different from similar walls.

It is the duty of the owner of land, who maintains a boundary wall between his property and the land of another, to keep that structure in its relation to the adjacent land in a condition that shall be reasonably safe, having regard to its possible deterioration and exposure to air, wind and water as also to other attendant conditions which might reasonably be anticipated. *Blanchard* v. *Reynolds,* 236 Mass. 596. *Cavanagh* v. *Block,* 192 Mass. 63. *Barber* v. *C. W. H. Moulton Ladder Co.* 231 Mass. 507. Here the evidence would warrant the jury in finding the defendant should have anticipated that the stone that fell would or might fall at any time in the condition of the wall, which, on the evidence, they could find had noticeably existed for a considerable time. The case was properly submitted to the jury. In accordance with the terms of the report, the entry must be

*Judgment on the verdict.*