CITY OF GARY ET AL. *v.* STRUBLE, ADMINISTRATRIX.

[No. 15,901. Filed January 16, 1939. Rehearing denied May 23, 1939.]

*Harry Long, John Ruberto, Howard Englander, Floyd Draper, Bomberger, Peters & Morthland* and *Knapp, Beye, Allen & Cushing,* for appellants.

*Patterson & Thiel* and *David M. Stanton,* for appellee.

DUDINE, J.—This action was instituted by William MacGrath as administrator *de bonis non* of the estate of his daughter Gladys MacGrath against appellants

and against Lind Construction Company, an Illinois corporation. William MacGrath died and Margaret Struble was substituted as administratrix *de bonis non* and plaintiff while this action was pending in the trial court. No service was had upon Lind Construction Company, and no appearance was made by it.

The complaint was in four paragraphs, the first charging negligence on the part of the City of Gary, the second charging negligence upon the part of T. P. Phillips Building Building Company, the third charging negligence on the part of the Lind Construction Company, and the fourth charging negligence upon the part of all the defendants. The City of Gary filed a demurrer to the fourth paragraph of complaint, which demurrer was overruled. Separate answers in general denial were filed by appellants. The cause was submitted to a jury for trial and the jury returned a verdict in favor of appellee against both appellants in the sum of $4,000. Appellants filed separate motions for new trial and thereafter appellee remitted $1,500.00 on the verdict. Thereupon the court overruled each of said motions for new trial and rendered judgment against both appellants in the sum of $2,500.00.

Upon appeal appellants filed separate assignments of error. City of Gary assigned as error, the overruling of its demurrer to the fourth paragraph of complaint and the overruling of its motion for a new trial. T. P. Phillips Building Company assigned as its sole error the overruling of its motion for a new trial.

We shall first discuss the contended error in overruling the demurrer of the City of Gary to the fourth paragraph of complaint. The demurrer alleged insufficiency of facts to constitute a cause of action. Hereinafter the word "complaint" shall be construed to refer only to the fourth paragraph of complaint unless a different meaning is indicated.

The allegations of the complaint which are or might reasonably be considered pertinent here are as follows:

". . . That plaintiff's intestate, the said Gladys MacGrath, on and prior to the 2nd day of December, 1925, resided at 191 Maple Avenue, Galesburg, Illinois, but that, on said date, she was staying temporarily at the Olympic Hotel, located on the corner of Fifth Avenue and Massachusetts Street, in the City of Gary, Lake County, Indiana. That, on said date, she was a school teacher in the Emerson High School and was staying at said hotel, but was accustomed to going elsewhere for her meals. That, on said date, to-wit: the 2nd day of December, 1925, at about 6:15 P. M., she left said hotel, in company with her roommate, to go for her evening meal. That she emerged from said hotel on Massachusetts Street, proceeding south along the east side of said street, until she reached the south line of said hotel, thence stepping off the curbing into the alley south of said hotel, which alley leads into Massachusetts Street from the east, in a line parallel with the south line of said hotel. That, after stepping into said alley, decedent proceeded south and west across said alley, there being then and there no sidewalk on the east side of Massachusetts Street from the south line of said alley to Sixth Avenue, on which she could walk.

"That, at the time said decedent commenced to cross from the east side of Massachusetts Street to the west side of said street, at the point where the alley intersects as aforesaid, there was an automobile parked on the east side of said street just north of the north line of said alley, thereby cutting off the view of decedent and preventing her from seeing any objects approaching from the north. That, as decedent was proceeding across the street as aforesaid, and, when she was approximately one step west of the west line of said parked automobile and directly south of the south line of said car, being then and there only ten (10) feet, more or less, from the east line of said Massachusetts Street, she was struck by an automobile coming from the north, thrown over against the curbing of the east side of said street and suffered numerous injuries, to-wit: a crushed ruptured lung, contusion of the scalp, with laceration thereof, fracture of the left

scapula, fracture of the mid-auxiliary line of the left third and fourth ribs, and general shock. That said decedent was taken to the Mercy Hospital, Gary, Indiana, immediately, where she succumbed and died the following day, to-wit: the 3rd day of December, 1925.

"That the proximate cause of the death of plaintiff's intestate was the wrongful act, default, negligence and carelessness of the defendants, jointly and severally, to-wit: the City of Gary, T. P. Phillips Building Company, and Lind Construction Company, in allowing to be placed and permitting to remain an unwarranted obstruction, by building materials and machinery, of the public street and sidewalk areas on said Massachusetts Street along and in front of a garage then and there being erected by, for and in behalf of the defendant, T. P. Phillips Building Company, across from the said Olympic Hotel on the west side of Massachusetts Street, beginning at the corner of Fifth Avenue and extending south along the west side of said street, to a point west of the south line of said Olympic Hotel; in permitting to be placed and allowing to remain an unwarranted obstruction, by building materials and machinery, of the public sidewalk area on the east side of said Massachusetts Street just south of the alley which enters said street, said unwarranted obstruction then and there forcing plaintiff's intestate to cross the street to the west side of said street in order to proceed south to her destination; by permitting to be placed and allowing to remain an unwarranted obstruction of the public street and roadway, by building materials and machinery placed in the west part of said street and roadway all along and in front of said garage, being then and there erected, extending from Fifth Avenue south to a point across from where the said alley from the east intersects the said Massachusetts Street; in allowing to be placed and permitting to remain an unwarranted obstruction of the public sidewalk area, by building and machinery, all along and in front of said Massachusetts Street from the east; in allowing said building materials and machinery to remain in the west part of said street from the corner of Fifth Avenue south to a point across from where said alley intersects said Massachusetts Street from the

east, and in allowing said materials and machinery to extend over said roadway more than one-third of the width of said roadway, in violation of a city ordinance of the City of Gary as hereinafter set forth, thereby forcing southbound automobiles on said street, from Fifth Avenue south, to pursue their course on the east side of the street. . . ."

Appellant contends the allegations in the complaint to the effect that the City of Gary negligently permitted and allowed the maintenance of the alleged obstruction in the street in violation of the city ordinance thereby forcing the motorist to drive to the left of said obstruction,. and that while he was so driving on the left-hand side of the street, he hit the decedent, thereby injuring her and causing her death, *fails to establish or allege that said alleged negligence of the City of Gary was the proximate cause of said injuries and death.* Appellant contends further that the allegations that the motorist hit her establish an intervening agency which was the proximate cause of decedent's injuries and death.

In *Sarber* v. *City of Indianapolis* (1919), 72 Ind. App. 594, 604, 126 N. E. 330, this court said:

"In applying the doctrine of proximate cause, and in determining what was the efficient cause of the injury . . ., we are required to apply our everyday judgment as men to ascertain whether or not there has been such a delinquency on the part of the appellee, uninterrupted by any supervening cause, that the act of the appellee in suffering and permitting the wire to be and remain in the river ought justly be held as the efficient cause of the injury of which complaint is made. The test is to be found not in the number of intervening events or agents, but in their character, and in the natural and probable connection between the wrong done and the injurious consequence."

In that case the complaint alleged that the City of Indianapolis had assumed control of part of White River as part of a public park and had maintained it as

a place for boating by the public, that the city had permitted barbed wire to remain imbedded in the bed of the stream, that when a canoe was overturned by a collision with a racing motor boat, appellant's minor son attempted to rescue a woman who had been thrown out of the canoe by the collision and in attempting the rescue appellant's son became entangled in the wire and was drowned. The only question presented upon appeal was the action of the trial court in sustaining a demurrer to the complaint. This court said, "the act of the appellee (City of Indianapolis) in permitting the wire to remain in the river did not set the other causes in motion," and held that said negligence of the city was not the proximate cause of the death, and that the trial court did not commit error in sustaining said demurrer.

We think the language of this court which we have quoted from that case aptly states the proper attitude with which we should approach the question of proximate cause.

Another apt statement on this subject is found in *Milwaukee, etc., R. Co.* v. *Kellogg* (1877), 94 U. S. 469, 474, 24 L. Ed. 256, and is as follows:

> "The primary cause may be the proximate cause of a disaster, though it may operate through successive instruments, as an article at the end of a chain may be moved by a force applied to the other end, that force being the proximate cause of the movement, or as in the oft-cited case of the squib thrown in the market place. *Scott* v. *Shepherd* (squib case), 2 W. Bl. 892. The question always is: Was there an unbroken connection between the wrongful act and the injury, a continuous operation? Did the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury?"

In *Kistner, Exrx.* v. *City of Indianapolis et al.* (1885), 100 Ind. 210, which was an action by appellant to re-

cover damages for the death of appellant's decedent allegedly caused by negligence of the City of Indianapolis in permitting several railroads to operate their trains over seven tracks across a street without erecting and maintaining proper safeguards for the public, our Supreme Court held the trial court did not err in sustaining a demurrer to the complaint. The complaint alleged that decedent was about to cross said tracks when a wagon and team belonging to Archdeacon and Company approached the crossing from the opposite direction and the driver of said team, in attempting to avoid a collision with a train then approaching the crossing, caused the team to turn to the side of the street where decedent was walking and thus decedent was thrown under the wheels of the approaching train and killed. The Supreme Court said the alleged negligence in failing to guard said crossing was not the proximate cause of the death, that the act of the driver of the wagon was the proximate cause, and that "the intervening agency here was so direct and positive in its nature and effect that the death ... can not be attributed ... to the alleged negligence ..." in failing to properly guard the crossing. We think the facts in the Kistner case, *supra,* are similar in legal effect to the facts in the instant case as to the doctrine of proximate cause. The Kistner case, *supra,* was followed in *Enochs* v. *P. C. C. & St. L. Rwy. Co.* (1896), 145 Ind. 635, 44 N. E. 658, and *Sarber* v. *City of Indianapolis, supra.*

Having applied "everyday judgment as men" to the question, as *Sarber* v. *City of Indianapolis, supra,* prescribes, we conclude that the alleged negligence of appellants in the case before us, in permitting the street to be obstructed as alleged, was not such a delinquency which ought justly be held the efficient cause of decedent's alleged injuries and hence that said negligence is not the proximate cause of said injuries, and therefore

the demurrer to the fourth paragraph of complaint should have been sustained.

Appellee cites *Knouff* v. *City of Logansport* (1901), 26 Ind. App. 202, 59 N. E. 347. In that case the complaint alleged that the plaintiff was walking on a public sidewalk near a bridge when suddenly and unexpectedly he was confronted with a person riding a bicycle on the same sidewalk coming directly toward him, and the plaintiff in an effort to avoid being hit by the bicyclist jumped suddenly to the side and, because of the city's failure to maintain proper guards, plaintiff fell "off of the end of the street at the place herein described." A demurrer to the complaint was sustained by the trial court and the Supreme Court held it should have been overruled.

We think that case is readily distinguishable from the instant case on the question of proximate cause. As the court said in that case (p. 205), "Appellee's (City of Logansport) negligent breach of duty was a cause of the injury and although there was an intervening event, yet this intervening event and the defect in the street were concurrent causes of the injury and were both present and active in the result." That is not the situation in the instant case, the alleged permitting of said obstructions in the street and the driving of the automobile against decedent were not "both present and active in the result."

The question as to whether or not the negligence of appellees, if any, in permitting said obstruction to remain in the street, was the proximate cause of decedent's injuries and death is presented by both appellants under their separate propositions that the verdict of the jury is contrary to law. It would serve no good purpose if we discussed that question with particular reference to such proposition. Even though it be assumed that the evidence sustains every material allegation of fact in each

paragraph of complaint the verdict of the jury would be contrary to law for reasons which are apparent from a reading of this opinion.

Other questions are presented, but in view of the conclusion we have reached and since none of said other questions are likely to arise in a retrial of this cause, we will not discuss them.

Judgment reversed with instructions that said demurrer to the fourth paragraph of complaint be sustained and that each of the motions for new trial be sustained.

Judgment reversed.

Curtis, C. J., not participating.