INDIANA SERVICE CORPORATION *v.* JOHNSTON ET AL.

[No. 16,462.   Filed May 26, 1941.]

*Barrett, Barrett & McNagny, Leigh L. Hunt, Mentor Kraus,* and *J. A. Bruggeman,* all of Fort Wayne, for appellant.

*Ray McAdams, C. A. Lincoln,* and *James P. Murphy,* all of Fort Wayne, for appellee.

FLANAGAN, J.—This is an action brought by appellee John M. Johnston against appellant Indiana Service Corporation and appellee Lawrence Hogle to recover damages on account of injuries alleged to have been caused when appellee Hogle negligently drove an automobile into an electric light pole maintained by appellant, thereby causing another electric light pole also maintained by appellant to fall upon appellee Johnston.

Appellant's demurrer to the complaint was overruled. The cause was submitted to a jury which returned a verdict for appellee Johnston against appellant upon which the court entered judgment. Appellant filed its motion for a new trial which was overruled.

Appellant assigns as errors (1) the overruling of appellant's demurrer to the complaint; (2) the overruling of appellant's motion for a directed verdict; and (3) the overruling of appellant's motion for a new trial.

The complaint alleges in substance that appellant maintained an electric light pole at the corner of St. Mary's avenue and Herman street in the city of Fort Wayne, and another pole about 150 feet east of said intersection on Herman street, which poles were connected by wires; that it negligently permitted its pole at the intersection to become old, rotten, and decayed and unsupported, or strengthened by any wires or brace wires; that appellee Hogle negligently ran his automobile against the pole located on Herman street thereby causing the rotted pole at the intersection to fall upon appellee Johnston injuring him.

One of the reasons assigned in support of appellant's demurrer to the complaint was that the complaint shows on its face that any alleged negligence on the part of appellant was not the proximate cause of the injuries complained of.

An essential element of proximate cause is the requirement that the result must be such as might reasonably have been anticipated in the ordinary experience of men. In applying this rule to a case like the instant one, wherein the alleged negligence merely created a condition by which the injury was made possible and the subsequent independent act of an intervening agency caused the injury, logic requires not only that the type of injury should have been reasonably anticipated, but that the intervention of the independent agency should have been anticipated.

The rule has been so applied frequently in this state. See *Wilcox* v. *Urschel* (1936), 101 Ind. App. 627, 200 N. E. 465; *City of Gary* v. *Struble, Admx.* (1939), 106 Ind. App. 518, 18 N. E. (2d) 465; *Engle, Admr.* v. *Director General of Railroads* (1922), 78 Ind. App. 547, 133 N. E. 138; *Evansville, etc., R. Co.* v. *Welch* (1900), 25 Ind. App. 308, 58 N. E. 88; *Sarber* v. *City of Indianapolis* (1919), 72 Ind. App. 594, 126 N. E. 330; *Claypool* v. *Wigmore* (1904), 34 Ind. App. 35, 71 N. E. 509; *Alexander* v. *Town of New Castle* (1888), 115 Ind. 51, 17 N. E. 200; *Blanchard* v. *Reynolds* (1921), 236 Mass. 596, 129 N. E. 303; *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 97 N. E. 822; *Pennsylvania Railroad Co.* v. *Huss* (1933), 96 Ind. App. 71, 180 N. E. 919.

Our inquiry in the instant case may well be directed then to the question as to whether appellant should

have anticipated that the driver of an automobile would negligently drive his car off the traveled portion of the highway over the curb and into one of its poles with sufficient force to affect a connecting pole 150 feet away. The inquiry is self-answering. In this day, when the streets and highways are being constantly used by automobiles, tractors and trucks of great weight and power, it would be unreasonable indeed to hold that companies maintaining poles adjoining the streets and highways must maintain their poles, not only in such condition as to be safe in regard to ordinary hazards, but also in such condition as to resist the weight and force of any cars, tractors, or trucks which might be negligently driven off the highway and into them. They are neither bound by duty to so maintain their property, nor are such acts on the part of the drivers of vehicles reasonably to be anticipated.

It follows that the alleged negligence of appellant was not the proximate cause of the injuries complained of and its demurrer should have been sustained.

In view of the above conclusion, it is not necessary to consider the other questions presented by this appeal.

Judgment reversed.

Stevenson, J., dissenting.

NOTE.—Reported in 34 N. E. (2d) 157.