OMAHA & REPUBLICAN VALLEY RAILWAY COMPANY
v. MARY COOK.

FILED NOVEMBER 8, 1894.    No. 5101.

1. Railroad Companies: TRESPASSER ON TRACK: PERSONAL
INJURIES: NEGLIGENCE: INSTRUCTIONS.    In an action against
a railway company for personal injuries by it inflicted, the trial
court very properly refused to give an instruction requested in
which the right of plaintiff to recover was made dependent
upon the absence on her part of a very slight want of ordinary
care, when there had already been given instructions in which
had been clearly explained the nature and effect of negligence
on the part of each party to the suit.

2. ———: ———: DUTY OF ENGINEER.    Where the plaintiff was
injured by a locomotive of the defendant at a place on defend-
ant's track where such plaintiff had no right to be, and where
in fact she was a trespasser, the jury were properly instructed
that the engineer was under obligations, as soon as he discovered
that plaintiff was on the track, to use all possible means and
efforts consistent with the safety of his train and any passenger
or persons who might be thereon to avoid injuring the plaintiff,
and failing so to do would render the company liable.*

3. Infants: CONTRIBUTORY NEGLIGENCE: INSTRUCTIONS.    In a
case wherein the evidence admitted of the application of the
principle stated, the trial court properly instructed the jury that
the rule of law as to the contributory negligence of a child is
that it can only be expected and required to exercise that degree
of care and discretion which a child of such age would ordina-
rily and naturally use and exercise under the circumstances
shown in evidence and in the same situation, bearing in mind
also the amount of intelligence or want of the same of the child,
if any such had been shown by the evidence.

REHEARING of case reported in 37 Neb., 435.

See opinions for statement of facts.

*J. M. Thurston, W. R. Kelly,* and *E. P. Smith,* for plaint-
iff in error:

The contributory negligence of defendant in error should

---

*See supplemental opinion, *post,* p. 905.

41

prevent recovery. (*Baltimore & O. R. Co. v. Depew*, 40 O. St., 121; *Gunn v. Wisconsin & M. R. Co.*, 70 Wis., 203; *McAllister v. Burlington & N. W. R. Co.*, 20 N. W. Rep. [Ia.], 488; *Gaynor v. Old Colony & N. R. Co.*, 100 Mass., 208; *Spicer v. Chesapeake & O. R. Co.*, 12 S. E. Rep. [W. Va.], 556.)

The age of defendant in error does not excuse her negligence. (*Raden v. Georgia R. Co.*, 78 Ga., 47; *Masser v. Chicago, R. I. & P. R. Co.*, 68 Ia., 602; *Twist v. Winona & St. P. R. Co.*, 39 N. W. Rep. [Minn.], 403; *Daniels v. New York & N. E. R. Co.*, 28 N. E. Rep. [Mass.], 283; *Haas v. Chicago & N. W. R. Co.*, 41 Wis., 44; *Norfolk & W. R. Co. v. Stone*, 13 S. E. Rep. [Va.], 432; *Candelaria v. Atchison, T. & S. F. R. Co.*, 27 Pac. Rep. [N. M.], 497; *Messenger v. Dennie*, 5 N. E. Rep. [Mass.], 283; *Morrison v. Erie R. Co.*, 56 N. Y., 302; *Reynolds v. New York C. & H. R. R. Co.*, 58 N. Y., 249; *Wendell v. New York C. & H. R. R. Co.*, 91 N. Y., 420; *Tucker v. New York C. & H. R. R. Co.*, 26 N. E. Rep. [N. Y.], 916; *Miller v. Pennsylvania R. Co.*, 8 Atl. Rep. [Pa.], 209; *Deitrich v. Baltimore & H. S. R. Co.*, 58 Md., 347.)

The only duty the carrier owes to trespassers on its track is that they shall not be injured from the gross, willful, or wanton acts of employes in charge of trains. (*Terre Haute & I. R. Co. v. Graham*, 95 Ind., 286; *Pittsburgh, F. W. & C. R. Co. v. Collins*, 87 Pa. St., 405; *Mulherrin v. Delaware, L. & W. R. Co.*, 81 Pa. St., 367; *Burlington & M. R. R. Co. v. Wendt*, 12 Neb., 80; *City of Lincoln v. Gillilan*, 18 Neb., 117; *Union P. R. Co. v. Adams*, 33 Kan., 427; *Gibson v. City of Wyandotte*, 20 Kan., 158; *Mason v. Missouri P. R. Co.*, 27 Kan., 83; *Annas v. Milwaukee & N. R. Co.*, 67 Wis., 46; *Toomey v. Southern P. R. Co.*, 24 Pac. Rep. [Cal.], 1074.)

The law does not require the engineer or fireman to keep a special watch for trespassers on the track. (*Masser v. Chicago, R. I. & P. R. Co.*, 68 Ia., 602; *Louisville & N. R.*

*Co. v. Black,* 8 So. Rep. [Ala.], 246; *Omaha & R. V. R. Co. v. Martin,* 14 Neb., 295.)

Those in charge had a right to assume that the trespasser would hear the train and get out of danger. They were not required to check the speed of the train and should not be charged with negligence for failing to do so until they saw that defendant in error was unaware of danger and apparently would not step from the track in time to avoid injury. (*Rigler v. Charlotte & C. A. R. Co.,* 26 Am. & Eng. R. Cases [N. Car.], 392; *Louisville & N. R. Co. v. Black,* 8 So. Rep. [Ala.], 246; *Meyer v. Midland P. R. Co.,* 2 Neb., 319; *Frazer v. South & N. A. R. Co.,* 81 Ala., 185; *Tanner v. Louisville & N. R. Co.,* 60 Ala., 621; *High v. Carolina C. R. Co.,* 17 S. E. Rep. [N. Car.], 79; *Meredith v. Richmond & D. R. Co.,* 13 S. E. Rep. [N. Car.], 137; *Washington & G. R. Co. v. Harmon,* 147 U. S., 571; *Parker v. Wilmington & W. R. Co.,* 86 N. Car., 221; *Dailey v. Richmond & D. R. Co.,* 11 S. E. Rep. [N. Car.], 320; *Craddock v. Louisville & N. R. Co.,* 16 S. W. Rep. [Ky.], 125; *Boyd v. Wabash & W. R. Co.,* 16 S. W. Rep. [Mo.], 909.)

The fourteenth instruction given by the court was erroneous. (*Mobile & M. R. Co. v. Blakely,* 59 Ala., 471; *Bentley v. Georgia Pacific R. Co.,* 86 Ala., 484; *Georgia Pacific R. Co. v. Blanton,* 84 Ala., 154; *Columbus & W. R. Co. v. Wood,* 86 Ala., 164; *Alabama G. S. R. Co. v. McAlpine,* 75 Ala., 113; *Meyer v. Midland P. R. Co.,* 2 Neb., 319.)

*A. A. Kendall, contra:*

Less care and foresight are exacted of an inexperienced youth than of a person of more mature years. (*Dowling v. Allen,* 88 Mo., 293; 4 Am. & Eng. Ency. Law, p. 43, note 1.)

It was not necessary that the evidence should disclose wanton, willful, or malicious conduct on part of the employes to make the company liable. Want of ordinary

care was sufficient. (*Morris v. Chicago, B. & Q. R. Co.*, 45 Ia., 29 ; *Brown v. Hannibal & St. J. R. Co.*, 50 Mo., 461 ; *Burnett v. Burlington & M. R. R. Co.*, 16 Neb., 336; *Candelaria v. Atchison, T. & S. F. R. Co.*, 27 Pac. Rep. [N. M.], 500.)

The fourteenth instruction was a correct statement of the law. (*Keyser v. Chicago & G. T. R. Co.*, 56 Mich., 559 ; *Meeks v. Southern P. R. Co.*, 56 Cal., 513; *Morris v. Chicago, B. & Q. R. Co.*, 45 Ia., 29; *Brown v. Hannibal & St. J. R. Co.*, 50 Mo., 461; *Locke v. First Division St. P. & P. R. Co.*, 15 Minn , 350; *Burnett v. Burlington & M. R. R. Co.*, 16 Neb., 336; *Masser v. Chicago, R. I. & P. R. Co.*, 68 Ia., 602.)

*C. V. Manatt*, also for defendant in error.

RYAN, C.

An opinion already filed in this case may be found in 37 Nebraska on pages 435 *et seq.* A rehearing was afterwards granted upon the request of the writer of the first opinion, and upon further argument another submission was had for final judgment in this court. For all practicable purposes the history of the transactions which formed the basis of the action in the district court was fairly stated in the opinion just referred to. The special findings of the jury, each of which was sustained by sufficient evidence, were to the effect that the defendant in error, at the time of the injury, was about thirteen years of age, a girl of ordinary discretion, not deaf to any considerable extent; that just before the accident happened she had left her brother's house to return to that of her father, and went voluntarily upon the right of way of the plaintiff in error and was then and there trespassing, walking between the rails, in the same direction as was moving the train which afterwards struck her; that she did not step outside the rails after the engineer saw her and was in the act of jumping

from the track when the engine struck her; that the whistle sounded but once before she was struck; that the train men in response to the whistle applied the brakes; that the agents of plaintiff in error, by the appliances then and there at their command, after it became apparent that the defendant was walking between the rails unconscious of the fact of the coming train, could have stopped the train before it reached her. The above recapitulation of the facts found is made that the applicability of the instructions given and refused may appear without the necessity of reference to the opinion hereinbefore filed.

The plaintiff in error, by cumulative instructions asked, sought the recognition of various propositions of law. For our purpose a sample of each class will suffice. The twelfth instruction asked and refused was in the following language:

"12. The court instructs the jury that if they believe from the evidence that there was at the time of the happening of the injury upon the part of the plaintiff a very slight want of ordinary care, and that such slight want of ordinary care on her part contributed to the happening of the injury complained of, then you will find for the defendant."

In *Omaha Street R. Co. v. Craig,* 39 Neb., 601, it was said that such expressions as "slight negligence" and "slight want of ordinary care" should never be used in instructions to juries, as such expressions tend to obscure and confuse what should be stated in plain and concise language. On its own motion the court gave proper instructions as to negligence, avoiding the use of the words "slight negligence" and "slight want of ordinary care," a course which, in view of the holdings of this court, was eminently proper.

The fourth instruction asked by the plaintiff in error was in this language:

"4. The court further instructs the jury that it is no evidence of negligence on the part of the defendant that

the engineer or fireman, or any employe of the train, did
not discover the plaintiff upon the tracks sooner than she
was discovered, for the defendant is not bound, by its em-
ployes, to watch out for trespassers upon its tracks; it did
not owe trespassers that kind of care."

During the pendency of this case in this court there have
been filed two opinions which fully sustain the district
court in its refusal to give the above requested instructions.
(*Chicago, B. & Q. R. Co. v. Grablin*, 38 Neb., 90, and *Chi-
cago, B. & Q. R. Co. v. Wymore*, 40 Neb., 645.) In con-
nection with criticism of the refusal to give instruction 4
just quoted, complaint is made by plaintiff in error of the
14th instruction given by the court on its own motion.
For the reason that the instruction last referred to embod-
ies the view of this court heretofore expressed in the two
cases just cited, and is within itself a clear, comprehensive,
and accurate statement of the law on this branch of the
case, it is quoted in this connection:

"14. You are instructed that the engineer in charge of
and running the locomotive and train had a right to ex-
pect a clear track at the place where the accident happened,
it being where there was no public crossing and where the
company had the exclusive right to the use of the track,
and not in any city, town, or village, or in a thickly set-
tled portion of the country, or very near any house, and
was under no obligations to anticipate that any person
would make a foot path or a walk of the road-bed or
track; but while the plaintiff had no right on the track,
the engineer was under obligations as soon as he discovered
that she was on the track to use all possible means and ef-
forts consistent with safety to his train and any passenger
or persons who might be thereon to avoid injuring the
plaintiff, and failing so to do would render the company
liable in this action."

As to the care required of the defendant in error the
trial court properly gave the following instructions on its
own motion:

"4. You are instructed that the plaintiff was bound to exercise only such care and prudence as might be reasonably expected of a girl or child of her age and capacity under similar circumstances, and that the same degree of care and prudence in avoiding danger is not required of a person of tender years and imperfect discretion as from a person of mature years; and if the jury believe from the evidence that the plaintiff was at the time of the accident of about thirteen years of age, that they must take that into consideration as bearing upon the question of carelessness or negligence on the part of the plaintiff, in connection with her intelligence or brightness, if any has been shown by the evidence in the case.

"5. You are instructed that the rule of law as to the contributory negligence of a child is that it can only be expected and required to exercise that degree of care and discretion which a child of such age would ordinarily and naturally use and exercise under the circumstances as shown in evidence and in the same situation, bearing in mind also the amount of intelligence or want of the same of the child, if any has been shown by the evidence."

This review of the instructions disposes of all the questions raised and not heretofore passed upon by this court, except as to the alleged excess in the amount of the verdict. This was, indeed, for a large sum, and yet it must be borne in mind that the injuries of the defendant in error were very painful in their nature, and from the evidence seem for all time to have rendered her a helpless, dependent cripple. The jury and the trial judge had presented for inspection the maimed foot of the defendant in error, and upon that inspection, and the evidence adduced in connection therewith as to the probability of its permanent character, they concurred in holding the damage not excessive in amount. This concurring estimate, we shall not disturb, and the judgment of the district court is

AFFIRMED.

HARRISON, J., having presided on the trial of this case in the district court, took no part in its consideration in this court.