MARGUERITE BLACKWELL *vs.* O'GORMAN COMPANY.

PROVIDENCE—MAY 4, 1901.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Negligence. Elevators. Contributory Negligence.*

Where a person aggravates the consequences of his original fault by failing to take proper steps to avoid or limit the effect of it, he cannot claim as an excuse for the delay that in the imminence of the danger he could not be required to exercise ordinary judgment.

(2) *Contributory Negligence. Elevators.*

In an action for negligence the court properly refused to charge that if plaintiff entered the elevator after it started she could not recover. A person who steps into an open door of an elevator apparently at rest is not as a matter of law guilty of negligence, although a slight examination might show that it had begun to move; but the question of negligence should be left, under proper instructions, to the jury.

(3) *New Trial. Argument of Counsel.*

Because counsel argued upon a statutory violation not declared upon as a ground of recovery, a new trial will not be granted where the court expressly charged that such violation could not be considered and the record shows conclusive evidence of the negligence set out in the declaration.

TRESPASS ON THE CASE for negligence. The declaration alleged that the plaintiff visited the defendant's department store on business and was entering a passenger-elevator there, in the exercise of due care, when the elevator suddenly started upward so that she was thrown to the floor with her legs hanging outside the elevator, and that during its ascent to the third floor her legs were crushed between the elevator and the walls of the shaft, and that this sudden starting of the elevator was due to the negligence of the defendant.

There were five counts in the declaration, describing the details of the accident in slightly different ways, ascribing the accident to different forms of negligence on the part of the defendant, its agents and servants. Heard on petition of defendant for a new trial, and petition denied.

DOUGLAS, J.   The plaintiff in this case was injured by the operation of an elevator in the defendant's store, and recovered a verdict upon the general issue with special findings : 1. That the elevator had not commenced to ascend when the plaintiff attempted to enter it.   2. That the elevator was started before the door opening into the elevator-shaft was closed—and the jury assessed damages for the plaintiff in the sum of $10,000.

The defendant petitions for a new trial on the grounds :

First.   That the verdict is against the law and the evidence and the weight thereof.

Second.   That the evidence shows that the plaintiff was guilty of contributory negligence, which should bar a recovery.

Third.   That the presiding justice erred in refusing the requests to charge preferred by the counsel for the defendant, which were :

1.   If the plaintiff undertook to enter the elevator after it commenced to ascend, she is guilty of contributory negligence and cannot recover.

2.   It was not negligence of the operator to attempt to pull the plaintiff into the elevator after it started, if he acted upon a natural impulse to avoid an accident.

3.   That it does not appear from the testimony that the elevator was defective.

Fourth.   That the argument of the plaintiff's counsel to the jury, particularly the portion thereof set forth in the record, was unwarranted and unsupported by the evidence, and tended to prejudice the jury.

Fifth.   That the reading from the statute relating to elevators, by the counsel for the plaintiff, in the course of his

argument, was unwarranted, and tended to prejudice the jury.

Sixth. That the damages awarded by the jury were excessive and unjust.

(1)    The defendant's servant in this case started the elevator upwards while the door was wide open and the plaintiff was entering. This was negligence of the clearest character. He also delayed stopping the elevator until it had gone nearly to the third floor of the building. Defendant's counsel attempts to excuse this delay by claiming that in the imminence of the danger he could not be required to exercise ordinary judgment. We think that a person reasonably qualified to run an elevator should be possessed of sufficient presence of mind to stop its motion, when it is apparent that if it proceeds it must injure a passenger. The excuse which he invokes is not applicable to a case like this, where the author of the danger aggravated the consequences of his original fault by failing to take proper steps to avoid or limit the effect of it.

(2)    The only debatable question of fact in the case is whether the plaintiff was guilty of contributory negligence. We cannot say that the court erred in refusing to charge the jury that if she entered the elevator after it started she could not recover. If a person steps into the open door of an elevator apparently at rest, when he has no reason to suppose that it can be started until the invitation of the open door is withdrawn, we do not think he is negligent, though he does not carefully examine the apparatus and though a second's delay might develop the fact that it had actually begun to move. From such a condition of affairs to the case of an elevator perceptibly in rapid motion, when it would be gross negligence to attempt to enter it, there is a wide field of possibilities which must be left to the judgment of the jury in each case, as they were in this case, under proper instructions from the court.

In the case at bar, the jury found that the elevator was not in motion when the plaintiff attempted to enter it, so that

the denial of the instruction asked for did not affect their verdict.

If this finding was right, all claim that there was contributory negligence on the part of the plaintiff fails. While the evidence on this point does not remove all doubt, and there are inconsistencies in the testimony of the witnesses on both sides, we cannot say that the jury were wrong in their conclusion. It is perhaps improbable that if the plaintiff had placed her foot upon the elevator-threshold and then it had begun to rise she would have been thrown forward as she was, but it is not impossible. The momentum of her step forward might have carried her onward, as she describes. On the other hand, it is extremely unlikely that she rushed forward and sprang towards the elevator while it was visibly moving upwards, and already six inches or more from the floor. It may be that neither witness describes the occurrence with perfect accuracy, and the jury were at liberty to consider so much of the testimony as they thought to be true, and thence to deduce their conclusion.

The second request to charge was properly refused. No contention was made that the attempt to pull the plaintiff into the elevator was actionable negligence. The claim was that while the servant was trying to do this he ought to have been attending to his business of controlling the elevator. The last request was to charge upon a question of fact, and for that reason was properly refused.

(3)    We cannot presume that the quotations from the statute made by plaintiff's counsel in his argument tended to prejudice the jury, for the court expressly charged them that they could not consider any violation of the statute as a ground of recovery, but only such allegations of negligence as were set out in the declaration; and, as we have seen, there was conclusive evidence of negligence on the part of the defendant's servant in his operation of the elevator.

The plaintiff in this case received very severe and permanent injuries, and the amount of damages assessed by the jury, though large, does not appear to us so excessive as to warrant the inference of any improper motive or state of

mind in the jury. The principles which guide the court in reviewing the assessment of damages by a jury have been indicated too often to require repetition here.

*Mulvey* v. *R. I. Locomotive Works*, 14 R. I. 204 ; *Boss* v. *Prov. & Wor. R. R. Co.*, 15 R. I. 149 ; *Luft* v. *Lingane*, 17 R. I. 420 ; *Elliott* v. *Newport S. R. Co.*, 18 R. I. 707 ; *McGowan* v. *Interstate &c. Ry. Co.*, 20 R. I. 264 ; *Stone* v. *Pendleton*, 21 R. I. 332 ; *Swanson* v. *Union R. R. Co.*, 22 R. I. 122 ; *McDonald* v. *Postal Tel. Co.*, 22 R. I. 131.

The petition for a new trial is denied, and the case is ordered to be remitted to the Common Pleas Division for judgment on the verdict.

*Arnold Green and Theodore F. Green*, for plaintiff.
*Walter B. Vincent*, for defendant.