CHARLES H. McLAUGHLIN, Appellee, v. CHAS. E. GRIFFIN, Appellant.

Evidence: CONCLUSIONS. In a personal injury action the testimony of plaintiff that as a result of his injuries he had been troubled with nervousness; that of an expert that such injury would likely cause nervousness; that of a nonexpert that the automobile causing the injury was going rapidly; and that of plaintiff that the place where the accident occurred was in a thickly populated part of the city, while in the nature of conclusions were still admissible as the statements of facts.

**Same:** ADMISSION OF EVIDENCE: HARMLESS ERROR. Where there was no showing that the defendant made any attempt to stop an automobile which injured plaintiff, or that he could not have stopped the same in time to have avoided the injury, any error in permitting the driver to state how quickly a specified machine with proper brakes running at a specified speed could be stopped was not prejudicial.

**Negligence:** INSTRUCTION. Where the court instructed that the negligence of defendant must be determined by what an ordinarily prudent man would have done under the particular circumstances, a refusal to charge that negligence is a failure to exercise that care that an ordinary prudent person would exercise in his own affairs under similar circumstances, was not erroneous; as either instruction was sufficiently accurate for the purposes of the case.

**Same:** BLIND PERSONS: DEGREE OF CARE. A blind person has the same rights on a public street as any other; and it is not ordinarily negligence for such a person to go upon the streets unattended, provided he uses ordinary care; but the fact that he is blind will not relieve him of the duty to exercise the degree of care which an ordinary prudent person would exercise under the circumstances, and the fact of blindness requires a greater use of the other senses to discover possible danger.

**Negligence:** INSTRUCTION. Although certain paragraphs of the instruction are broad enough when standing alone to cover any act of negligence which the jury might see fit to find, still if taken in connection with other instructions specifically directing the jury that plaintiff could not recover unless he established the specific acts charged, there was no error; since the instructions as a whole on the subject should be considered together.

**Same:** AUTOMOBILE ACCIDENT. Where the driver of a automobile discovers that a pedestrian has become disconcerted upon the approach of the car for some reason, and can by the exercise of ordinary care discover that the pedestrian is blind, the same rule applies as in the case of infants; and it then becomes his duty to stop the car to prevent an accident and upon failing to do so he is guilty of negligence.

**Same:** SUBMISSION OF ISSUES. Where the negligence alleged in the petition covered defendant's conduct during the entire period that plaintiff was in danger of injury from collision with his car, and the evidence sustained the allegations, refusal to confine the jury to a consideration of defendant's failure to signal his approach of his coming was proper.

*Appeal from the Sac District Court.*—F. M. Powers, Judge.

## Friday, May 10, 1912.

Action at law to recover damages due to injuries received by plaintiff in being struck by an automobile operated by the defendant upon a street in the city of Storm Lake. Verdict and judgment for plaintiff in the sum of $200, and defendant appeals. *Affirmed.*

*R. L. McCord,* for appellant.

*J. E. Buland,* for appellee.

Deemer, J.—Plaintiff is a blind man fifty-six years of age. He had been blind some five or six years prior to the time of the accident in question; but before that had driven an express and delivery wagon upon the streets of Storm Lake, his home town, and was perfectly familiar therewith. He was so well acquainted with the city that he could, after his affliction, go unassisted to any house or store therein. He lived in the south part of the town, and used one of the principal thoroughfares in going to and from his home. On the day in question he was returning from the business section of the city down one of the main streets, and, when he reached what is known as Third, he walked east to the corner of what is known as Seneca Street. Here he stopped and waited for a buggy, which was coming from the west, to pass, and, after it had gone by, he listened to hear if any other vehicle was approaching, and, hearing none, he pursued his way across Third Street, until struck by an automobile which was being driven by the defendant. The side of the machine struck him, caught something on his wrist, and dragged him from eight to thirteen feet, causing severe

bruises upon his face and breast. The automobile was on the left-hand side of the street, 'and it is claimed that it was running at high rate of speed, that the defendant made no attempt to stop it, failed to give any warning signals, or to sound his horn. As a result plaintiff claims that in addition to his injuries he was rendered sick and nervous, and that his maladies are permanent. Such are the facts stated most strongly for appellee. Defendant had an entirely different version of the affair, which we do not set out because the jury evidently believed plaintiff's testimony, and, as the verdict has sufficient support, we need not do more than state the plaintiff's claim, except in so far as it may be necessary to understand some of the errors assigned. These alleged errors are sixteen in number, but the argument is confined to less, and we shall not consider all of those which are argued for the rulings were either correct, or are not regarded as of controlling importance.

I. First we shall take up some of the rulings on the admission and rejection of testimony. Plaintiff was permitted to state, over objection, that since the accident he 1. EVIDENCE: had not been able to sleep, and that as a conclusions. result of his injuries he had been troubled with nervousness. Whilst this latter statement was in the nature of a conclusion, it was nevertheless a fact which we think the witness competent to state. Again, an expert gave testimony to the effect that such an injury would likely cause nervousness. Another witness, over objections, was permitted to testify that the automobile was going pretty fast. This is said to have been a conclusion of the witness, who had no expert knowledge. Such objections have heretofore been held untenable. *Payne v. Waterloo Ry. Co.*, 153 Iowa, 445. Plaintiff was permitted to testify that the place where the accident occurred was in the thickly populated part of Storm Lake. This, too, while in the nature of a conclusion was also a fact to which a witness having knowledge of the situa-

tion might testify. It was not a legal conclusion as appellant's counsel would have us believe. But, however this may be, a city plat was introduced in evidence, and other testimony was adduced showing all the improvements in the vicinity of the place of accident, and no possible prejudice resulted from the witness' testimony.

A doctor who was the driver of an automobile was asked how quickly a five-passenger automobile equipped with proper brakes, running at from six to ten miles an hour, might be stopped. In answer he said perhaps in twenty feet or a little more. This was objected to because incompetent, and because it was not shown that the witness was speaking of such a machine as the one being operated by defendant. The point now made is that the witness said he did not know, and that his answer is shown to have been a mere guess. If that be the fact, then no prejudice resulted. Moreover, there is no showing that defendant made any attempt to stop his car, and he makes no contention that he tried to do so, or that he could not have stopped had he been so minded. No prejudice resulted from the ruling in any event.

2. SAME: admission of evidence: harmless error.

Again, one of the defendant's own witnesses testified, without objection, that defendant could have stopped his car running at a speed from six to ten miles an hour within a distance of fifteen feet.

II. The instructions given by the trial court were rather meager, and those excepted to read as follows:

(7) The law requires that the driver of an automobile upon the public streets and highways must use reasonable care and caution for the safety of others, and what is reasonable care in this case is to be determined by the circumstances as shown by the evidence.

(8) Negligence, or what is the same thing, the absence of reasonable care, is the foundation of this action, and it is to be determined by what you find an ordinary,

prudent, and careful man would have done under the particular circumstances of this case.

(9)   If you find that the defendant was not guilty of the negligence which produced the injury complained of, you should find for the defendant.   On the other hand, if you find the defendant was negligent in the management of the automobile, and that such negligence produced the injuries complained of, you should find for the plaintiff, unless you find that the plaintiff was guilty of contributory negligence.

(10)   The burden of proof is on the plaintiff to establish by a preponderance of the evidence that he was not guilty of contributory negligence.   By contributory negligence is meant such negligence on the part of the plaintiff as helped to produce the injuries complained of, and if you find from the evidence that plaintiff was guilty of any degree of carelessness which co-operated in producing the injury complained of, or that the plaintiff has not established by a preponderance of the evidence his freedom from contributory negligence, you should find for the defendant.

(11)   If you find by a preponderance of the evidence that the defendant was negligent in operating his automobile at the time and place stated in the plaintiff's petition, and that the plaintiff was injured on account of such negligence, and that the plaintiff was not guilty of contributory negligence on his part, then you should find for the plaintiff.

(13)   A blind person has the same rights on the public. street as any other person, and it is not ordinarily negligence for a blind person to go upon the streets unattended, if such person use ordinary care as defined in these instructions; but, if you believe from the evidence that the plaintiff was blind, that fact would not excuse him from his obligation to use due care.   He was nevertheless bound to exercise that degree of care that an ordinary prudent person would have exercised under the circumstances as shown by the evidence, and the fact that he was blind not only did not excuse him from the exercise of ordinary care, but required of him the greater use of his other senses to discover, if possible, whether any vehicle was approaching the street over which he was crossing, and if he failed to exercise such care, he can not recover; but if you find that he did exercise

such care, and he was injured on account of the defendant's negligence, then you should find for the plaintiff.

(15) If you find that the plaintiff was blind, and that this fact could have been discovered by the defendant by the use of ordinary care before the plaintiff was struck by the automobile, then it was the duty of the defendant to stop his machine upon discovering such fact, in order to prevent the accident, and if he failed to do so, he would be guilty of such negligence as would make him liable in this action.

In other instructions the court told the jury that plaintiff could not recover unless he established by a preponderance of the testimony that defendant was guilty of negligence in the manner charged in the petition, and that this negligence was the proximate and direct cause of the injury complained of, and in the fourteenth instruction the court said:

If you find from the evidence that the plaintiff was blind, and you further find that this fact was not known to the defendant, and by the use of ordinary care he did not and could not have discovered such fact, and if you further find that the defendant used ordinary care, and was free from negligence in operating his automobile, then the plaintiff can not recover.

The defendant asked the court to give the following, among other, instructions:

(2) The court instructs the jury that negligence, as the term is used in these instructions, is the failure to exercise that degree of care and diligence that an ordinarily prudent person would exercise in his own affairs under like or similar circumstances.

(6) If you find from the evidence in this case that the plaintiff was blind, and you further find that this physical disability of the plaintiff was unknown to the defendant, then you are instructed that the degree of care which the law exacts of the defendant is only the care which an ordinarily prudent man would exercise in driving an automobile over a street crossing on which was a man in the

full possession of the sense of sight. In other words, the defendant was not bound to use any greater caution for the safety of the plaintiff than he would have been bound to use were the plaintiff in full possession of the sense of sight.

(10) You are instructed that, if you believe from the evidence that the plaintiff was blind, that would not excuse him from his obligation to exercise due care. He was bound to exercise that degree of care that an ordinary prudent person would have exercised under the circumstances shown in evidence, and the law is that any defect of sight, not only did not excuse him from the exercise of care, but it required of him the greater use of his other senses to discover whether any vehicle was approaching the crossing over which he was passing. If he failed to exercise such care, then he can not recover.

In another request defendant asked the court to withdraw from the jury all charges of negligence save defendant's failure to give a signal of his approach to the crossing. Each of these requests

3. NEGLIGENCE: instruction. was denied, and it is argued that the trial court was in error in giving each paragraph of the charge quoted, and in refusing to give those asked. Particular complaint is made of paragraphs 8, 11, 13, and 15 of the court's charge, and it is stoutly contended that, in lieu of No. 8, the court should have given defendant's request No. 2. There is little, if any difference in the two instructions. The one asked introduced the thought that what an ordinarily prudent person would do in his own affairs is the test, while in the one given it was what an ordinary prudent and careful man would have done under the particular circumstances. Either definition was sufficiently accurate for the purposes of the case, and we see no error here. *German Ins. Co. v. Railway Co.*, 128 Iowa, 386, relied upon by appellant, contains nothing to the contrary. Even if the instruction be held to cover acts of commission alone, it was not prejudicial to defendant.

III.   The instruction with reference to the care required of plaintiff owing to his blindness does not differ in any material respect from that asked by defendant.   The one given seems to be in accord with the rule announced in *Hill v. Glenwood*, 124 Iowa, 479, and we see no error therein.

4. Same: blind persons: degree of care.

IV.   It is true that instructions 9 and 11 given by the court do not specifically refer to the negligence charged by the plaintiff in the petition, and are broad enough in themselves to cover any act of negligence which the jury might see fit to find; but in other instructions the jury was told specifically that plaintiff could not recover unless he proved by a preponderance of the testimony the specific acts of negligence alleged.   Taking the instructions as a whole, there was no error.

5. Negligence: instruction.

V.   Instruction 15 required the defendant to stop his car if the jury found the existence of the conditions therein referred to, and told the jury that, if he failed to do so, he was guilty of negligence as a matter of law.   This instruction should be considered with reference to the facts disclosed by the testimony.   Defendant testified, in substance, that as he approached the crossing he saw the plaintiff coming on the crossing going south, that the defendant kept on going with the idea of passing him on the north, but that as he, plaintiff, reached the center of the street, he, plaintiff, hesitated, turned around, and took two or three steps to the north as though he had forgotten something or was going back; that he, defendant, saw a collision was imminent, unless he changed his course; and that he then guided his car to the left or south for the purpose of passing in the rear of the plaintiff as he, plaintiff, was then headed north, but that, when he got within ten or twelve feet of the walk, he, plaintiff, again changed his course, turned south again, and came toward the car; that

6. Same: automobile accident.

then some one called stop, and that plaintiff thereupon evidently became confused, threw his arms out, and ran forward, striking the side of the car, and getting his arms fast in an extra tire carried on the running board of the machine. It also appears that the car ran from fifteen to twenty feet after it struck the plaintiff, and defendant admits that he did not blow his horn or give any other signal as he approached the crossing. There was also testimony to the effect that one of the occupants of the car cried out, "Stop!" as the car was approaching the crossing, and still another said that plaintiff did not change his direction while attempting to cross the street, and that defendant drove his car toward the south, and went entirely out of the traveled track. Taking defendant's own version of the testimony, it appears that he knew plaintiff had become somewhat disconcerted because he heard the approach of the car or for some other reason, and if, as the instruction complained of says, he, defendant, could by the use of ordinary care have discovered that plaintiff was blind, then it was defendant's duty to stop his machine upon discovering that fact in order to prevent the accident, and, if he failed to do so, he was guilty of negligence. This is the rule as to infants (*Walters v. Railroad,* 41 Iowa, 71; *Thomas v. Railroad,* 114 Iowa, 169; *Burg v. Railroad,* 90 Iowa, 106), and we think the same rule should apply to one who is blind. See, as sustaining this doctrine, *Baker v. Railroad,* 95 Iowa, 163; *Omaha Railroad v. Cook,* 42 Neb. 577 (60 N. W. 899).

VI. There was testimony to sustain each and all of the allegations of negligence charged; and there was no error in submitting the issue of the defendant's failure to stop his

7. SAME: submission of issues.

car, as was done by the fifteenth instruction quoted. The allegations of negligence were broad and comprehensive, and covered defendant's conduct during the entire period that plaintiff was in any danger from the machine. There was no error

in not confining the jury to a consideration of defendant's act in failing to give a signal of his approach to the crossing.

What we have already said answers defendant's contention that the verdict is without support in the testimony.

Finding no prejudicial error, the judgment must be, and it is, *affirmed*.