STATE EX REL. HORGAN, RELATOR, *v.* DISTRICT COURT, RESPONDENT.

(No. 5,424.)

(Submitted November 20, 1923.   Decided December 4, 1923.)

[224 Pac. 239.]

*Prohibition—Judgment—Res Adjudicata—Restraining Trial of Cause—When Writ Proper Remedy.*

Prohibition—Restraining Trial of Cause—Judgment—*Res Adjudicata.*
1.   Where, after rendition of final judgment in favor of defendant in a *mandamus* proceeding tried upon its merits, the plaintiff did not ask for a new trial, or appeal, but obtained leave of court to file an amended affidavit, the court in granting it and putting in motion the new proceeding acted in excess of jurisdiction, and prohibition was the proper remedy to restrain it from proceeding to trial, since a valid judgment could not have been rendered therein, and the fact that relator might have appealed therefrom did not deprive him of the right to relief by the writ.

Judgment—May be Set Aside by Trial Court Only on Motion for New Trial.
2.   A judgment fair upon its face and properly rendered and entered may be set aside by the trial court only upon motion for new trial.

Original application for Writ of Prohibition, directed to the District Court of Silver Bow County, and Joseph R. Jackson, a Judge thereof.   Writ issued.

*Mr. F. E. Blodgett,* for Relator, submitted a brief and argued the cause orally.

*Mr. W. H. Maloney* and *Mr. C. S. Wagner,* for Respondents, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

In this action the relator asks a writ of prohibition to restrain the district court of Silver Bow county, and Honorable Joseph R. Jackson, one of its judges, from proceeding with the trial of a *mandamus* proceeding brought by Leonard G. Courtney against the mayor of the city of Butte.

The essential facts in the matter before us are these: On
[1]  August 9, 1921, Courtney, alleging himself to be a mem-
ber of the police department of the city of Butte, brought an
action in *mandamus* to compel the mayor to reinstate him in
active service.  Upon issues joined by Courtney's affidavit for
a writ of mandate and the mayor's answer thereto, the cause
was tried on September 21, 1921.  Evidence having been in-
troduced by both parties, the court took the cause under ad-
visement.  Respective counsel having filed briefs in support
of their positions, the court, on March 25, 1922, "handed
down its decision denying the relator any and all relief prayed
for in his affidavit for a writ of mandate and ordered the said
cause dismissed at relator's costs."  Judgment was entered
accordingly.  There was not any motion for a new trial nor
any appeal from the judgment.

On May 12, 1922, one of the attorneys for Courtney assumed
to file in the action an "amended affidavit" in which he re-
cited that the proceeding was tried, submitted, taken under
advisement and decided by the court; "that in the said de-
cision the said court held that the affidavit upon which the said
proceeding was based was insufficient; that there exists in the
above-entitled proceeding a just, good and meritorious cause
of action; that relator herein, if granted leave of court, can
and will file a sufficient affidavit;" and as a conclusion he
prayed that Courtney be given leave to file an amended affi-
davit in the action.  This the court permitted.  Upon this
amended affidavit there was issued an order for an alternative
writ of mandate directed to James G. Cocking, as mayor of
Butte, commanding him to reinstate Courtney in active service
in the police department or to to show cause on May 27, 1922,
why he had not done so.  The mayor filed a motion to quash
the alternative writ on the ground that the court had no
jurisdiction to hear or determine the matter.  On November
25, 1922, the court denied the motion.  Then the mayor filed
an answer, the substance of which is not important here ex-
cept that as one defense he pleaded the judgment above men-

tioned.  In the affidavit filed in the instant proceeding by the relator, William D. Horgan, present mayor of Butte, it is alleged that the lower court threatens to and will set the cause for trial immediately, render another judgment, and proceed to enforce the same, unless prohibited from so doing by the restraining hand of this court.

That the writ of prohibition is the proper remedy in view of the conditions admitted to exist in this matter is beyond doubt.  In permitting the amended affidavit to be filed and putting in motion proceedings based thereon the court acted in excess of its jurisdiction.  That relator may have a remedy by appeal does not deprive him of the right to the relief he now seeks from this court.  It would be vain to permit the parties to proceed through expense and trouble to a fruitless judgment.  (*State ex rel. Examining & Trial Board* v. *Jackson,* 58 Mont. 90, 190 Pac. 295; *State ex rel. Lane* v. *District Court,* 51 Mont. 503, L. R. A. 1916E, 1079, 154 Pac. 200.) There cannot be any doubt that the judgment entered in March, 1922, determined the rights of the parties in that action.  Whether the affidavit upon which that proceeding was based stated a cause of action does not change the situation in the least.  The affidavit was the basis of the action, issue was joined by answer, evidence was heard by the court from the respective litigants, judgment followed.  It is idle to say that the judgment rendered was not final.  (*Holter Lumber Co.* v. *Fireman's Fund Ins. Co.,* 18 Mont. 282, 45 Pac. 207; *Dunseth* v. *Butte Elec. Ry. Co.,* 41 Mont. 14, 21 Ann. Cas. 1258, 108 Pac. 567.)  The court had jurisdiction of the parties [2] and of the subject matter.  The judgment is fair on its face, expresses what the court actually decided and was properly entered.  The court's sole duty with respect to that judgment thereafter was to see that the rights fixed by it were properly enforced.  It could not set the judgment aside except upon motion for a new trial.  (*State ex rel. McHatton* v. *District Court,* 55 Mont. 324, 176 Pac. 608; *State ex rel. Reid* v. *District Court,* 68 Mont. 309, 218 Pac. 558.)

.

Two remedies were available to Courtney. He might have moved for a new trial, or appealed from the judgment. But he did neither. It would be something new in our practice if after the entry of judgment and without recourse to the remedies provided by statute the losing party might obtain a new trial by the simple expedient of getting permission from the court to file an amended complaint, and then proceed with the action as if a judgment had never been entered. Courts are not allowed to set aside the solemn determinations of the law in this way.

Let the writ issue.

*Writ issued.*

Associate Justices Cooper, Holloway, Galen and Stark concur.