GOHN, APPELLANT, *v.* BUTTE HOTEL CO. ET AL., RESPONDENTS.

(No. 6,694.)

(Submitted December 12, 1930. Decided January 3, 1931.)

[295 Pac. 262.]

Mr. *T. F. O'Connell*, Mr. *John T. Andrews* and Mr. *W. H. Mahoney*, for Appellant, submitted a brief; Mr. *Andrews* argued the cause orally.

*Mr. William Meyer,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an action for damages for personal injuries sustained by plaintiff and alleged to have been caused by the negligence of the defendants. At the conclusion of the evidence offered by plaintiff, the defendants moved for a nonsuit which was sustained and judgment for costs entered for defendants. The appeal is from the judgment. The only question presented is the propriety of the court's action in granting the motion for nonsuit.

It is alleged in the complaint that defendants on the twenty-fifth day of July, 1928, were operating the Butte Hotel, in Butte, and that plaintiff was a guest at the hotel;

that for the use of their guests defendants maintained an elevator in the hotel, operated by electric power; that plaintiff fell into the elevator shaft from the level of the first floor to the bottom of the shaft, a distance of about twenty feet, and sustained the injuries complained of. The negligence of defendants is alleged to have consisted in their failure to keep the door leading into the elevator shaft closed when the elevator cage was not on a level with the door; that the latch on the door, designed to keep it closed, was so defective that it would not keep the door closed, but that the door would rebound and open when it was pushed shut; that at the time of stepping into the shaft plaintiff was totally blind and pursued his customary manner of attempting to enter the elevator cage; that he found the door open and believed the cage was at the level of the first floor when he attempted to enter it, whereas in fact the elevator cage had been taken to one of the upper floors and as a consequence he stepped into and fell down the shaft.

By answer defendants admit that the Butte Hotel Company operates the Butte Hotel, and that it employs an elevator conductor to operate the elevator; that plaintiff was a guest on July 25, 1928; that it was the duty of the elevator conductor to keep the doors closed when the elevator cage was not on the level with some floor of the building at which passengers were being received or discharged from the elevator cage; that plaintiff fell from the first floor to the bottom of the shaft, and that plaintiff was at that time and prior thereto totally blind. Defendants denied the other allegations of the complaint and, by way of affirmative defense, alleged that at the time in question the door leading into the elevator shaft was closed and that plaintiff carelessly opened it and walked into the shaft and fell, and that the injuries he sustained were due to and proximately caused by his contributory negligence. Plaintiff in his reply put in issue the affirmative allegations of the answer.

The evidence shows that plaintiff lives in Virginia City. For many years he has frequently gone to Butte, always

staying at the Butte Hotel. On July 25, 1928, he, accompanied by his brother and father, went to Butte. He registered at the Butte Hotel between 12:30 and 1:00 o'clock P. M. He went about the city during the afternoon transacting his business and returned to the hotel at about 5:30. His friends, Mr. and Mrs. Buford, were registered at the hotel and he conversed with them by telephone from the hotel desk. They invited him to their room. He undertook to go there and started for the elevator. He said: "I got started in the wrong direction and my father told me I was going wrong, and he took me by the left arm and led me to the elevator. My father did not have a firm hold of me, only enough to guide me, that is all. When I arrived at the elevator, I put up my hand and found the door was open. * * * I found the door part way open when I reached the elevator, I don't know how far it was open, but I put my hand up and my hand struck space, and I stepped in. * * * I put up my hand like that and struck the edge of the door, and pushed it on back and stepped in. It was open part way; how far, I couldn't say. * * * At the time I was going to the elevator, my father was kind of behind me to one side, to my left side."

At other times when staying at the Butte Hotel he used the elevator and there always was an attendant operating it. Sometimes the attendant would not be there as he entered the elevator and, after entering, he would wait until the attendant returned. He never inquired whether the elevator was there but supposed it was there when the door was not locked. He did not ask his father or anyone else whether the elevator was there. His father was back of him and to his left as he went to the elevator. Plaintiff said that on other occasions when he was staying at the Butte Hotel he walked into the elevator cage without an attendant. If he found the door open he would walk in even though the elevator operator was not there.

Plaintiff's father testified that as he guided plaintiff to the elevator, plaintiff was almost a full arm's-length ahead of

him; that the door was wide open when he got around where he could see; that he could not see the entrance to the elevator until he got around the corner and plaintiff stepped just at that time.

There was evidence that on July 25, 1928, and for about two years prior thereto, the latch on the door was defective so that when the door was pushed shut, the latch would not catch and hold it but the door would rebound and open. The person operating the elevator on July 25, 1928, said he closed the elevator door at the time in question before taking the cage to the upper floors. But on motion for nonsuit this may be disregarded, for the rule is that we must view the evidence in the light most favorable to plaintiff, even though there is discrepancy in the testimony of the several witnesses for plaintiff. (*Hardie* v. *Peterson*, 86 Mont. 150, 282 Pac. 494.) Other evidence introduced need not be alluded to further than to say that there was ample evidence showing injuries to plaintiff sufficient to submit the case to the jury, if the proof was sufficient to show liability on the part of the defendants.

The precise point at issue between the parties is whether the defendants' negligence, or plaintiff's contributory negligence, was the proximate cause of his injuries. Plaintiff contends that under the evidence this was a question for the jury. Defendants contend that the evidence shows plaintiff's contributory negligence was the cause of his injuries as a matter of law.

Were those who maintained and operated the elevator negligent? It is admitted by defendants that it was the duty of the elevator conductor to keep the doors leading into the elevator shaft closed when the cage was not at a standstill and on the level with the floor at which passengers were being received or discharged. This the evidence shows was not done. The evidence also shows that the latch designed to hold the door shut was permitted to remain in a defective condition for an unreasonable length of time so that the door would rebound and open when it was pushed shut. The evidence

was sufficient to make out a prima facie case of negligence on the part of those in charge of the elevator.

Was plaintiff guilty of such contributory negligence as to bar recovery? It is well settled that contributory negligence is an affirmative defense which must be alleged and proved by defendant. But when plaintiff's evidence discloses that he was guilty of contributory negligence proximately causing his injuries he is properly nonsuited. (*Page* v. *New York Realty Co.,* 59 Mont. 305, 196 Pac. 871; *Rau* v. *Northern Pac. Ry. Co.,* 87 Mont. 521, 289 Pac. 580.) The test to be applied in determining whether a nonsuit should be granted because of the contributory negligence of plaintiff, is whether the proof is so clear and convincing as to lead to but one conclusion in the minds of fair and unbiased men. If reasonable and unbiased minds might fairly arrive at different conclusions the question should be submitted to the jury. (*Page* v. *New York Realty Co.,* supra; *McKeon* v. *Kilduff,* 85 Mont. 562, 281 Pac. 345; *Black* v. *Martin,* ante, p. 256, 292 Pac. 577.)

"An elevator for the carriage of persons is not, like a railroad crossing at a highway, supposed to be a place of danger, to be approached with great caution; but, on the contrary, it may be assumed, when the door is thrown open by an attendant, to be a place which may be safely entered without stopping to look, listen, or make a special examination." (*Tousey* v. *Roberts,* 114 N. Y. 312, 11 Am. St. Rep. 656, 21 N. E. 399, 400.) The open door constitutes an invitation to enter without special investigation, and where darkness prevents discovery of the absence of the elevator cage the question of contributory negligence is one for the jury. (*Tippecanoe Loan & Trust Co.* v. *Jester,* 180 Md. 357, L. R. A. 1915E, 721, 101 N. E. 915; *Colorado Mortgage & Inv. Co.* v. *Rees,* 21 Colo. 435, 42 Pac. 42; *Morgan* v. *Saks,* 143 Ala. 139, 38 South. 848; *People's Bank of Baltimore* v. *Morgolofski,* 75 Md. 432, 32 Am. St. Rep. 403, 23 Atl. 1027; *Wilcox* v. *City of Rochester,* 190 N. Y. 137, 13 Ann. Cas. 759, 17 L. R. A.

(n. s.) 741, 82 N. E. 1159; *Blackwell* v. *O'Gorman*, 22 R. I. 638, 49 Atl. 28.)

Defendants contend that this rule cannot apply to the facts [4] of this case, for here the door was only partially open. When the door is opened by the injured party and he steps into the shaft without looking to see whether the cage is in place, his contributory negligence is the proximate cause of his injury. (*Page* v. *New York Realty Co.*, supra; *State* v. *Trimble*, 312 Mo. 322, 279 S. W. 60.) This would not be true, however, in the case of an automatic elevator, the door to which customarily could not be opened unless the cage was in place. (*Jacoby* v. *Builders' Realty Co.*, 174 Cal. 708, L. R. A. 1917E, 696, 164 Pac. 394.) And it has generally been held that a partially open elevator door is a warning of some unusual condition suggesting investigation, before opening and entering, without which, contributory negligence bars recovery as a matter of law. (*Bremer* v. *Pleiss*, 121 Wis. 65, 98 N. W. 945; *Wheeler* v. *Hotel Stevens Co.*, 71 Wash. 120, Ann. Cas. 1914C, 576, 127 Pac. 840; *Switzer* v. *Detroit Inv. Co.*, 188 Wis. 330, 206 N. W. 407; *Claypool* v. *Wigmore*, 34 Ind. App. 35, 71 N. E. 509.) All of the foregoing cases treat of the question of contributory negligence of one in possession of all his faculties.

Here, in considering the question of contributory negligence, we have before us the actions and conduct of a person who was totally blind. The record does not disclose to what extent the door was open when plaintiff approached the elevator. Plaintiff said he did not know how far it was open. Neither does the record show how far plaintiff opened the door. If the door was open sufficiently wide to permit a person to enter we think it constituted an invitation to enter, just as much as if fully opened. This conclusion was recognized by the court in *Sackheim* v. *Pigueron*, 215 N. Y. 62, 109 N. E. 109, 110, when it said: "The door, being opened practically the whole width of the same, was in some degree at least an invitation for her to enter the same." Plaintiff, being blind, could not, of course, observe whether the

door was open sufficiently to permit him to enter. It was the custom of plaintiff to walk into the elevator whenever he found the door open. It was the admitted duty of those in charge of the elevator to have the doors closed when the cage was not in place on the level of the floor from which the door entered. Whether plaintiff had a right under the circumstances to rely upon the performance of that duty by those in charge of the elevator, we think was a question for the determination of the jury. An analogous case is that of *Tippecanoe Loan & Trust Co.* v. *Jester,* supra, where the court held that a complaint alleging facts much the same as those shown by the evidence here did not show contributory negligence as a matter of law.

By the decided weight of authority it is the duty of those in charge of a passenger elevator to exercise the highest degree of care in the operation and maintenance thereof, the same as that required of a carrier of passengers for hire. (See note in 2 L. R. A. (n. s.) 744; Webb on Elevators, 2d ed., p. 367; *Tippecanoe Loan & Trust Co.* v. *Jester,* supra, and cases therein cited.) And it is not contributory negligence as a matter of law for a passenger incapable of taking care of himself to fail to provide an attendant. (10 C. J. 1099; *Denver & Rio Grande Ry. Co.* v. *Derry,* 47 Colo. 584, 27 L. R. A. (n. s.) 761, 108 Pac. 172; *St. Louis, I. M. & S. Ry. Co.* v. *Maddry,* 57 Ark. 306, 21 S. W. 472; *McLaughlin* v. *Griffin,* 155 Iowa, 302, 135 N. W. 1107.)

"Acts which might be negligent in a normal person may not be contributory negligence in view of the passenger's disability * * * as no greater care can be required of him than his ability will allow him to exercise." (10 C. J. 1098; and see *Watts* v. *Spokane P. & S. Ry. Co.,* 88 Or. 192, 171 Pac. 901.)

Plaintiff's blindness is one of the facts which the jury must consider in determining whether he acted with the care which a reasonably prudent person would ordinarily exercise when burdened with such an infirmity. (*Balcom* v. *City of Independence,* 178 Iowa, 685, L. R. A. 1917C, 120, 160

N. W. 305.) While a blind person must take his infirmity into consideration when moving about and must do more, to be in the exercise of ordinary care, than would be required of a normal person, yet those in charge of an elevator for use of their guests should also take into consideration the rights of the blind who are accepted as guests and their duty to the blind is not discharged by providing adequate safeguards for those who are not blind, and the duty to use greater care is mutual. (*Balcom* v. *City of Independence,* supra.)

Had those in charge of the elevator discharged their duty of keeping the door closed when the cage was not in place on the level of the floor, it is reasonable to conclude that plaintiff would not have sustained any injury. (See *Davis* v. *Freisheimer,* 68 Mont. 322, 219 Pac. 236.) It does not follow as a matter of law from the circumstances here shown that plaintiff was not justified in assuming that the usual condition obtained, viz.: that the door would be closed, if the cage was not in place. Whether the partially open door entitled him in his condition of blindness and in his customary use of the elevator to believe, as a reasonably prudent person, that the elevator cage was on a level with the floor from which he attempted to enter, was a question upon which reasonable minds might reach different conclusions, and, hence, was one for the jury.

It is contended by the defendants Frank and Frances Wilson that there is no evidence warranting the submission of the case to the jury as to them. This contention must be sustained. The evidence produced was insufficient to establish the liability of defendants Wilson. As to them the motion was properly sustained. The court should have denied the motion as to defendant Butte Hotel Company.

The judgment is affirmed as to defendants Wilson, and reversed as to the defendant company, and the cause remanded for a new trial as to it.

Mr. Chief Justice Callaway and Associate Justices Matthews, Galen and Ford concur.