STATE ex Rel. WILSON, Relator, *v.* DISTRICT COURT
ET AL., Respondents.

(No. 6,934.)

(Submitted November 13, 1931.   Decided November 28, 1931.)

[5 Pac. (2d) 558.]

*Mr. William Meyer,* for Relator, submitted a brief and argued the cause orally.

*Mr. T. F. O'Connell,* for Respondents, argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an original application for an order under the supervisory power of this court to annul an order of the district court of Silver Bow county overruling the motion of relator that the action of *Gohn* v. *Butte Hotel Company and Frank Wilson,* pending in respondent court, be dismissed as to him.

The essential facts out of which the controversy arises are these: In June, 1929, Robert E. Gohn commenced an action for damages for personal injuries in respondent court against Butte Hotel Company, a corporation, Frank Wilson, and Frances Wilson. The action resulted in a judgment of nonsuit. Gohn appealed to this court, and the judgment was affirmed as to defendants Frank and Frances Wilson for want of sufficient evidence, but reversed as to Butte Hotel Company. (*Gohn* v. *Butte Hotel Co.,* 88 Mont. 599, 295 Pac. 262.)

In that action the amended complaint, which was filed in September, 1929, alleged that Butte Hotel Company is a corporation engaged in the business of innkeeper. This the answer admitted, and the answer denied that the hotel was run or conducted by the individual defendants. After the filing of the remittitur from this court to the district court in that action, Gohn asked and obtained leave to file a second amended complaint, in which he again joined Frank Wilson as a defendant. and alleged that Frank Wilson, at the times referred to in the complaint, "was the owner, proprietor and manager of the Butte Hotel," and that he "holds the Butte Hotel out as a corporation," and that Frank Wilson "holding himself out as the Butte Hotel Company was and is now engaged in the business of hotel and innkeeper in the city of Butte."

The other allegations of the second amended complaint are substantially the .same as those made in the complaint upon which the case was first tried resulting in the appeal to this court above referred to.

Relator filed a motion to dismiss the second amended complaint as to him, upon grounds, variously stated, which challenge the right of Gohn to proceed against him by an amended complaint after this court had affirmed the judgment of nonsuit as to him. The court overruled the motion, and this application followed.

It appears from the return to relator's petition that not until recent investigation was it disclosed that the corporate life of the Butte Hotel Company has long since expired, and that Frank Wilson is now, and at the time Gohn sustained the injuries for which he seeks damages was, the owner, proprietor and manager of the Butte Hotel and the Butte Hotel property.

The precise question then is: May the plaintiff, after the affirmance of a judgment of nonsuit in favor of one defendant, proceed against that defendant, not by a new action, but by an amended complaint in the same action? The answer must be in the negative. (*State ex rel. Horgan* v. *District Court,* 69 Mont. 167, 224 Pac. 239.)

This conclusion finds support also in section 9320, Revised Codes 1921, which, in effect, provides that a final judgment dismissing a complaint does not prevent a new action for the same cause of action. Had the legislature intended to give the defeated plaintiff the right to amend his complaint as against a defendant as to whom final judgment of nonsuit was entered, in addition to the right to commence a new action, it could have done so. Not having done so, the right to proceed by amended complaint does not exist. The court erred in overruling relator's motion.

The writ will issue as prayed for.

Mr. Chief Justice Callaway and Associate Justices Galen, Ford and Matthews concur.