WILCOX *v.* URSCHEL.

[No. 15,089. Filed March 12, 1936.]

628

*George M. Eberhart* and *Walter S. Bent,* for appellant.
*Bowers, Feightner & Bowers,* for appellee.

CURTIS, C. J.—This was an action by the appellant against the appellee upon a complaint in one paragraph for damages on account of personal injuries received by the appellant and growing out of an automobile collision between the automobile in which she was riding on a public highway in the country and an automobile driven by a third person, said collision occurring at the intersection of said highway with another public highway. The complaint seeks to charge the appellee with the negligent cause of her injuries because the appellee as a land owner adjacent to the point of the intersection of said highways permitted a hedge fence to grow to an unlawful height on the margin or line of his lands, the further allegation being that such hedge fence obstructed the view of the appellant and her husband who was with her in such a manner as to prevent them seeing the automobile with which they collided as said other automobile approached said intersection upon said other highway.

To the appellant's complaint the appellee addressed a demurrer which was sustained. The appellant refused to plead further, whereupon judgment was rendered against her. From that judgment this appeal was prayed and perfected, the error assigned and relied upon being the ruling of the court upon said demurrer.

The complaint is voluminous, covering almost sixteen

typewritten pages of the appellant's brief and it would unduly extend this opinion to set it our verbatim. Enough of its allegations will be set out or abstracted to show its general scope and tenor. Some of the controlling allegations when abstracted are that at the northwest corner of appellee's farm there was a public highway along the north side and one along the west side of his farm, and that said highways formed an intersection at said northwest corner of appellee's farm; that appellee had permitted a hedge fence to grow up on the margin of his land along both the west and north sides of said land and up to the corner in such a manner as to obstruct the views of travellers on said highways; that appellant riding with her husband in an automobile on the east and west highway approached said intersection going west; and that one Edward Rollett at the same time approached said intersection from the south travelling on the north and south highway. We quote subdivision seven of the appellant's complaint as follows: "7. That said Ford automobile (car driven by appellant's husband) on said highway approached and entered said intersection of said public highways and crossing an intersection called the Urschel corner or crossing or intersection. That while said automobile, in which plaintiff was riding, was being driven and operated by said Harry R. Wilcox, and had approached and had entered and was in the act of crossing said highway and intersection, moving westwardly in and through said Urschel crossing and intersection, *and when said Wilcox automobile had reached a point equal to full four-fifths of the distance westwardly across said crossing* and intersection, one Edward D. Rollett, owning and operating a Whippet automobile, equipped with Whippet six cylinder engine, was moving and operating said Whippet automobile northwardly on said highway on the west side of Section Seven, along and by the side of said hedge bushes, hedge saplings and saplings

of other trees, and from the direction of defendant's house and residence, and was operating said automobile down a long grade in approaching said intersection and said Rollett.did so continue to operate said Whippet automobile towards and into said Urschel highway crossing and intersection, all as above described, and against and onto· said Wilcox automobile at a speed of fifty miles per hour and with great, heavy and powerful *force striking said·Wilcox automobile at broadsides and its left side and at a point near the left front wheel of said Wilcox automobile, as* said automobile was headed westwardly on said crossing and intersection and which striking caused said Wilcox automobile·to be pushed, knocked and thrown about in said intersection so as to break the front wheel of said Wilcox automobile, pushed the motor loose from said car and caused said Wilcox automobile to spin about in said intersection and then run and head out over an abutment going through a field fence into a farm field, turning said Wilcox car over on its side, bending and twisting said car out of alinement so as to crush said car into various irregular shapes and forms." (Our italics.)

The demurrer to the complaint raises two questions: (1st) The question as to whether the facts alleged in the appellant's complaint show that the acts of negligence charged against the appellee are, in law, the proximate cause of the injuries alleged; (2nd) Whether the facts alleged do or do not show that the appellant was guilty of contributory negligence as a matter of law.

Of course, the demurrer admits all of the allegations of fact in the complaint that are well pleaded. But a careful reading of the complaint in the instant case convinces us that the facts pleaded clearly show that the injuries complained of were not proximately caused by the acts of negligence charged to the appellee in allowing his hedge fence and other bushes to grow taller than allowed by law, and it makes no difference in

the decision of the case even though the said negligent acts charged against the appellee may also be the basis of a criminal prosecution of the appellee, for at all events if the negligent acts are not the proximate cause of the injury there can be no recovery against the one thus negligent. We think that the facts pleaded show that the injury of the appellant was the direct and proximate result of the active, independent, efficient, direct and negligent intervening act of Rollett, who was the driver of the automobile with which the Wilcox car collided, and that the appellee was in no effective way under the law a contributor to the injury. Where an injury is to some extent due to two distinct successive causes, unrelated in operation, and one of them is a prior, passive or remote cause, which does no more than furnish a condition or give rise to the occasion by which the injury was made possible, and the other cause is an active, direct, independent, effective and intervening cause, the law is well settled, that courts will, as a general rule, with but few exceptions, look only to the latter as the proximate cause and will disregard the former or remote cause. It has been many times recognized by the courts of this state that an intervening responsible agent may cut off the line of causation from the original negligence. See: *Pennsylvania R. Co.* v. *Huss* (1933), 96 Ind. App. 71, 180 N. E. 919; *Sarber* v. *City of Indianapolis* (1920), 72 Ind. App. 594, 126 N. E. 330; *McGahan* v. *Indianapolis Gas Co.* (1895), 140 Ind. 335, 37 N. E. 601, and the numerous cases cited in the above cases. See also the following decisions which are similar "hedge fence" cases in another state, the facts of the first case being almost identical with the instant case. *Bohm* v. *Racette et al.* (1925), 118 Kansas 670, 236 Pac. 811, 42 A. L. R. 571; *Goodaile* v. *Cowley County* (1922), 111 Kansas 542, 207 Pac. 785.

Without further extending this opinion in a discussion of the law of proximate cause upon which subject much

might be written, we hold that the facts stated in the complaint do not state a cause of action against the appellee, land-owner. It therefore, becomes unnecessary to discuss the other question raised by the demurrer as to contributory negligence, if any, of the appellant.

The demurrer was correctly sustained. Judgment affirmed.