SCHROER, AS GDN. OF SCHROER AN INCOMPETENT *v.*
FUNK & SONS, INC., ET AL.

[No. 20,647. Filed February 15, 1968. Rehearing denied
March 19, 1968. Transfer denied May 14, 1968.]

*John R. Nesbitt,* of Rensselaer, *Clarence Borns· and Thomas E. Kotoske, Call, Call, Borns and Theororos,* of Gary, of counsel, *John R. Nesbitt* and *Clarence Borns,* for appellant.

*Cope Hanley,* of Rensselaer, and *Brubaker & Wildman,* of Logansport, for appellees.

PFAFF, J.—This is an action brought by the appellant, Lorraine Schroer, against the appellees, Edward J. Funk and

Sons, Inc., John J. Zimmer, Jr., and Harry J. Hermanson, for damages for personal injuries to appellant's ward, Elvin G. Schroer, growing out of a collision involving a truck and an automobile in which appellant's ward was a passenger.

On January 5, 1962, at about 8:15 A.M., C.S.T., a school bus driven by Frank O. Epler, Sr. was stopped on Highway 231 outside Rensselaer, Indiana to pick up school children. An automobile driven by Wilma J. Lewis was stopped behind the bus when a truck driven by John J. Zimmer, Jr., and owned by Edward J. Funk and Sons, Inc., collided with the rear portion of the said automobile and came to rest in the southbound lane. At about 9:00 A.M. and after the police had arrived at the scene and taken the proper precautions to prevent subsequent accidents by setting out warning flares, an automobile driven by Harry J. Hermanson and in which appellant's ward was a passenger collided with a truck driven by Arthur R. Newberry, which the officers had stopped in the southbound lane, causing injury to appellant's ward.

Trial was had by jury. At the close of appellant's evidence, appellees Edward J. Funk & Sons, Inc., and John J. Zimmer, Jr., moved the court for a directed verdict. The court sustained this motion. Also, at the close of appellant's evidence, and again at the close of all evidence, appellee Harry J. Hermanson moved the court for a directed verdict. The court overruled this motion on both occasions. The jury was unable to agree upon a verdict as to appellee Harry J. Hermanson and the jury was subsequently discharged. The cause was reset for trial as to appellee Harry J. Hermanson. Appellant filed a motion for a new trial, which was overruled and judgment was entered for appellees, Edward J. Funk & Sons, Inc., and John J. Zimmer, Jr., in accordance with the directed verdict as given to them by the court. The judgment reads as follows:

"It is therefore considered, ordered, adjudged and decreed by the court that the plaintiff take nothing by her complaint as against the defendants Edward J. Funk & Sons, Inc.

and John J. Zimmer, Jr., and that said defendants recover of the plaintiff their costs and charges in this action laid out expended and taxed at ————— dollars."

Thereafter the appellant filed her motion for a new trial which was subsequently overruled.

The appellant assigns as error (1) that the trial court erred in overruling appellant's motion for new trial, and (2) that the trial court erred in sustaining appellee's motion for a directed verdict.

It is appellant's contention that the carelessness and negligence of the appellees, John J. Zimmer, Jr., and Edward J. Funk and Sons, Inc., was the proximate cause of the injury sustained by Elvin G. Schroer.

This court discussed the law applicable to the issue of "proximate cause" in the case of the *Pennsylvania Railroad Co.* v. *Huss* (1932), 96 Ind. App. 71, 180 N. E. 919. Said case involved an action for personal injuries sustained by the plaintiff in a collision between an automobile in which she was riding as a guest and a freight car standing on defendant's railroad and across a public highway. This court held that the proximate cause of the injury was the negligence of the driver of the automobile in which the plaintiff was riding, and, that at most, all that could be said was that the defendant, by permitting its freight car to remain standing on said crossing, created a condition and that the injury was caused by the subsequent independent act of the driver of the automobile. In its opinion in that case, this court said:

" 'It was negligence as a matter of law for Miss Menzel to drive the automobile in which appellee was riding, at such speed that she (Miss Menzel) could not stop the same within the distance that objects could be seen ahead of it. If the light on said vehicle, on account of physical conditions encountered, would not delineate an object in the roadway straight ahead the distance prescribed by law then she should have driven such automobile at such rate of speed that she could have brought it to a stop within the distance that she could plainly see the train of appellant ahead of

her, and thus have avoided running the automobile into the freight car.' "

In *Wilcox* v. *Urschel* (1936), 101 Ind. App. 627, 200 N. E. 465, this court recognized the rule that an active, independent, effective, direct and negligent act may cut off the line of causation from any prior negligence. At page 631 of the *Wilcox* case, this court said:

" 'Where an injury is to some extent due to two distinct successive causes, unrelated in operation, and one of them is a prior, passive, or remote cause, which does no more than furnish a condition or give rise to the occasion by which the injury was made possible, and the other cause is an active, direct, independent, effective, and intervening cause, *the law is well settled, that courts will, as a general rule, with but few exceptions, look only to the latter as the proximate cause and will disregard the former or remote cause. . . .*' " (emphasis supplied).

The above cited case involved an action against a landowner for allowing a hedge fence to grow to such a height at a highway intersection as to obstruct the view as to approaching traffic. *It was held that the hedge fence was not the proximate cause of the collision between the car in which the plaintiff was riding and another automobile.* A demurrer to the complaint was sustained and on appeal, the judgment was affirmed.

In *Indiana Service Corporation* v. *Johnston* (1945), 109 Ind. App. 204, 34 N. E. 2d 157, it was held that the essential element of proximate cause is the requirement that the result must be such as might reasonably have been anticipated in the ordinary experience of men.

A fact situation similar to the one in the case at bar is presented in *Slinkard* v. *Babb, Wilson* (1954), 125 Ind. App. 76, 112 N. E. 2d 876; Reh. denied, 125 Ind. App. 87, 117 N. E. 2d 564. In *Slinkard,* the trial court granted a motion for directed verdict on the following facts:

"1. Slinkard, the plaintiff, was operating his vehicle on an icy highway at night and was crossing the Evansville-Henderson bridge over the Ohio River.

"2. The highway was icy in spots and the surface of the bridge was solid ice.

"3. Babb, the defendant, was following Slinkard.

"4. One-fourth (¼th) of the way across the bridge, Babb ran into the rear of the Slinkard car.

"5. The Babb car and the Slinkard car came to a rest a few feet apart.

. . .

"7. In a matter of seconds, and not more than a minute, Wilson ran into the rear of the Babb car injuring Slinkard.

"8. Slinkard brought suit against both Babb and Wilson."

This court spoke as follows:

". . . Babb's acts did no more than furnish a condition by which the subsequent injury to the appellant was made possible, and under the rule of proximate cause, both in this state and in Kentucky, Babb's act cannot be held to be the proximate cause of the injuries to the appellant. . . . It could not have been reasonably foreseeable that Babb's conduct would result in the chain of events which caused appellant's injury, nor could the acts of the appellee Wilson, as recited in the facts set forth in this opinion, have been anticipated. The acts of Wilson constituted an intervening force which broke the chain of causation between Babb's conduct and the injuries of the appellant. . . ."

Other jurisdictions that have considered somewhat similar fact situations have generally reached the result arrived at in *Slinkard* v. *Babb, Wilson, supra*. In *Powers* v. *S. Stenberg & Co., et al.* (1938), 213 N. C. 41, 195 S. E. 88, the following facts were considered: The driver of the motor vehicle in which the plaintiff was riding saw another motor vehicle standing on the left shoulder of the traveled portion of the highway; saw another car partly turned over in the ditch on the opposite side of the roadway; and also saw a truck down the road which was partly off and partly on the paved portion of the highway. The driver of the motor vehicle in

which the plaintiff was riding passed between the first two motor vehicles, but as he approached the truck, in order to avoid a collision with an approaching motor vehicle, he applied his brakes and slid into the rear of the truck with such force as to instantly kill the plaintiff's intestate. The court in this case held that if it be conceded the defendant's truck was negligently parked, the active negligence of the driver of the motor vehicle in which the plaintiff was riding was the real and effective cause of the death of the plaintiff's intestate; that the parking of the truck, if a remote cause, was not the proximate cause of the injury, and that the conduct of the truck driver would have produced no damage but for the active intervening negligence of the driver of the motor vehicle in which the plaintiff was riding. The court then held that the defendant's motion for non-suit should have been granted.

Similar cases reaching similar results are: *Greenwood* v. *Vanarsdall* (1962), 356 S. W. 2d 109, (Mo. App.) where the court said:

> "We suppose that, given sufficient information, imagination, and stratospheric reasoning, by omitting any attention to the boundaries which the courts and treatises attempt to set by using the words 'proximate', 'natural and probable consequence', 'unbroken chain of circumstances', 'efficient intervening cause', and 'remote', the wrongs which any of us may do can be traced in the ultimate causal connection with injury to a great many others, even those yet unborn; but the law, although a great moral force in itself, does not permit the recovery of damages except for those injuries which have an immediate affinity with actions which produce the wrong."

See also *Copple* v. *Warner* (1963), 260 N. C. 727, 133 S. E. 2d 641.

In the case at bar, the evidence shows that the truck operated by appellee John J. Zimmer, Jr. and owned by appellee Edward J. Funk and Sons, Inc., had come to rest and had been in said position for approximately one-half hour before the

automobile driven by Harry J. Hermanson came along. During this one-half hour interim the police had arrived at the scene and had taken various precautions to prevent subsequent wrecks by setting out warning flares. The evidence also shows that the police had safely stopped two cars in the southbound lane before the Hermanson automobile collided with the Newberry truck.

In ground two of appellant's motion for a new trial, appellant states that the trial court erred in sustaining appellees' motion for a directed verdict. Our courts of appeal have held many times that a peremptory instruction to find for the defendant should be sustained "when there is a total absence of evidence or legitimate inference in favor of the plaintiff upon an essential issue; or where the evidence is without conflict and is susceptible of but one inference and that inference is in favor of the defendant." *Whitaker, Admr.* v. *Borntrager* (1954), 233 Ind. 678, 122 N. E. 2d 734; and *Allison* v. *Ely et al.* (1960), 241 Ind. 248, 170 N. E. 2d 371 (Reh. denied Jan. 31, 1961).

In view of the above cited authorities it is the opinion of this court from an examination of the record evidence that the trial court was correct in sustaining appellees' John J. Zimmer, Jr. and Edward J. Funk & Sons, Inc. motion for a directed verdict. If the appellees were negligent in causing the first accident, their negligence only created a condition by which the subsequent injury to the appellant's ward was made possible and was in no respect the proximate cause of the accident in question. Under the circumstances of the case at bar, the appellees could not have reasonably foreseen the occurrence of the subsequent accident.

Appellant next contends that certain irregularities in the trial court proceedings constituted an abuse of the trial court's discretion and prevented appellant from having a fair trial. More specifically appellant alleges that the trial court erred in that it (1) refused appellant an opportunity to exer-

cise her first peremptory challenge; (2) refused appellant an opportunity to complete her voir dire examination of the jury; (3) failed to completely administer the oath to the jury; (4) failed to recognize vocal demands on the court to allow appellant to exercise her first peremptory challenge, each separately and all collectively were abuses of the trial court's discretion which prevented the appellant from having a fair trial; and (5) refused to allow appellant to testify concerning the past and future earnings of Elvin G. Schroer, her incompetent ward.

The contended errors on the part of the trial court as set out in the preceding paragraph primarily involve the exercise of the discretionary powers of the court. Only in the event of an abuse of such discretionary powers in matters material to the final result will this court treat such action of the trial court as reversible error. From an examination of the record, we do not find any abuse of discretion. This is especially true in view of the fact that the case was never submitted to the jury for its determination, but only submitted to the jury on a motion for a directed verdict.

This court has carefully reviewed the alleged errors, and finds that under the circumstances of the case at bar they would not constitute reversible error.

Judgment of the trial court is in all respects affirmed.

Cook, P. J., and Bierly and Smith, JJ., concur.

NOTE.—Reported in 233 N. E. 2d 680.